Tharpe *vs.* Foster.

CICERO THARPE, plaintiff in error, *vs.* ALBERT G. FOSTER, defendant in error.

1. Under the Act of March 16th, 1870, a laborer could sue out a process to enforce his lien for labor performed either in the county of his employer's residence, or where his property might be, but the process should be made returnable to the proper court of the county of defendant's residence, if he reside in the state.

2. The issue made in such proceedings by the counter-affidavit of the defendant, should be returned to and tried in the same court.

3. The execution in this case having been sued out in the county of Bibb, and made on its face returnable to the superior court of that county, and the defendant being a resident of the county of Morgan, the judgment of the court below, setting aside the same, is affirmed.

Laborer's lien. Jurisdiction. Venue. Before Judge HILL. Bibb Superior Court. April Term, 1873.

On February 20th, 1873, Tharpe foreclosed a laborer's lien against Foster for $342 00, with interest from January 1st,

1873, and had the execution based thereon, levied on fifteen bales of cotton then in the county of Bibb. The affidavit of foreclosure stated that the services, as laborer, were rendered on a plantation of defendant, situate in said county. The defendant filed a counter-affidavit, setting up among other defenses a want of jurisdiction in Bibb superior court, on the ground that he was not a resident of said county, but of the county of Morgan. The issue thus formed was, by consent, heard before the court without the intervention of a jury upon the following agreed statement of facts:

"That defendant did not and does not reside in said county of Bibb, but that he was and is a resident of Morgan county, Georgia; and that the cotton levied on is, in fact, the identical cotton alleged by plaintiff to have been raised by himself, as a laborer, on defendant's plantation, in said county of Bibb."

The court sustained the defense and ordered the foreclosure and execution to be set aside. To which ruling plaintiff excepted.

R. W. JEMISON, by brief, for plaintiff in error.

WHITTLE & GUSTIN, for defendant.

TRIPPE, Judge.

1. In the case of *Hardeman & Sparks vs. Brown and De-Vaughan*, 49 *Georgia Reports*, 596, the summary process was sued out in the county of Macon, and the defendant resided in Houston. A claim to the cotton levied on was returned to the court of Macon county. It is true the point was not presented or passed upon, whether the process was properly sued out in the county of Macon. But it was there held that if an issue be made upon a lien foreclosed under the steamboat law, or if there be a claim of the property, the papers are to be returned, and the issue tried in the county of the defendant's residence. If this be so, the process should be returnable to the same county. And so we hold in the case of such process being sued out by a laborer. It

Tharpe *vs.* Foster.

should be made returnable to the proper court of the county of defendant's residence, if he reside in the state.

But the main question is, can the process issue in another county than that of the residence of the defendant ? The act of March 16th, 1870, is silent on this point. We do not think there is any constitutional difficulty in the way of suing it out in another county. Section 12, Article v. of the constitution, after reciting where equity cases, cases involving titles to land, etc., shall be tried, says, all other cases shall be tried in the county where the defendant resides. . With this provision in all the constitutions, it has been held that an attachment can be issued by an officer of one county and returned to the courts of another : 36 *Ga.*, 597 ; Code, sections 3265, 3269, 3272. The act of 1869, Code, section 4082, declares that "any person who may have rent due, may, by himself, his agent or attorney, make application to any justice of the peace within the county where his debtor may reside, *or where his property may be found,* and obtain from such justice a distress warrant," etc. If an issue be made, it is provided that it shall be "returned to the court having cognizance thereof." Would not this be a court in the county of defendant's residence. So in the cases of foreclosure of mortgages on personal property. The affidavit may be made before any officer of the state authorized to administer oaths, which shall be filed in the office of the clerk of the superior court of the county where the mortgagor resides or did reside at the date of the mortgage, if not a resident of the state, and such clerk shall issue the execution. It is true in the case of a mortgage the final process is to issue in the county of defendant's residence; for in such cases it is not the officer administering the affidavit who issues the execution. But in cases of attachments the process which is levied, and distress warrants, by which property may both be levied on and sold, may issue out of the county of the residence of the defendant. In this case the laborer claimed his lien on cotton, the product of his labor, then in Bibb county, and the process was levied on the cotton. The defendant resided in Morgan county. Section 1990 of the

Code says, the person prosecuting such lien, either for himself or as guardian, etc., must, by himself, agent or attorney, make affidavit before a judge of the superior court, or the ordinary of the county in which the personal property may be, or the defendant. may reside, showing the lien, etc., and upon such affidivit being filed, if before a judge of the superior court or the ordinary, with the clerk of the superior court of such county, it shall be the duty of such clerk to issue an execution, etc. The affidavit in this case was made before the judge of the superior court of Bibb county, and the execution was issued by the clerk of the superior court of that county. We think the execution was properly sued out and issued under the facts of the case.

2, 3. But it was returned to the wrong court. It was, on its face, made returnable to the superior court of Bibb county. From what has been said already it will be seen that it should have been made returnable to the proper court of Morgan county. As the execution was before the judge of the superior court of Bibb county, and returnable to that court, his judgment ordering the execution to be set aside was correct, but the proceedings to foreclose, or for the enforcement of the claim, should have been allowed to stand, so that another execution might issue if plaintiff so desired.

Judgment affirmed.