## Akin *vs.* Peck & Allen.

Where a levy is made upon the mill, engine, boiler, etc., under an execution based upon the foreclosure of a saw-mill lien, and a claim filed, the case thus made must be returned for trial to the county of the residence of the defendant in *fi. fa.*

Levy and sale. Claim. Lien. Before Judge Simmons. Polk Superior Court. August Term, 1879.

Reported in the opinion.

TIDWELL & THOMPSON, for plaintiff in error.

A. T. WILLIAMSON; BROYLES & JONES, for defendants.

CRAWFORD, Justice.

The plaintiff in error foreclosed a lien against L. H. Hall & Co., whom he alleged to be citizens of the county of Fulton, in this state, as the owners of a certain saw-mill located in the county of Polk, and to whom, as such owners, he had furnished logs amounting in value to the sum of $1,074.79. The affidavit for foreclosure was made before the ordinary of the said county of Polk, who ordered and adjudged that the clerk of the superior court of said county should issue execution therefor, to be levied on the said mill, engine, boiler and fixtures.

In obedience to said order the *fi. fa.* was issued as directed, and made returnable to the superior court of the county of Fulton. A levy was made on the saw-mill, engine, boilers and fixtures, when Peck & Allen filed a claim thereto, which was returned by the sheriff to the superior court of the county of Polk, as the proper tribunal for the trial of the said claim. When the said case came on to be heard, it was, on motion of claimant's counsel, dismissed for want of jurisdiction in the said superior court to hear and determine the same; and to which ruling and judgment the plaintiffs in error excepted.

The single question made by this record is whether the superior court of Polk county had the jurisdiction to hear and determine the claim which had been returned thereto?

By the constitution of 1877, article VI., section XVI., paragraph 6, all civil cases excepting those of divorce, titles to land, joint obligors, joint promissors, copartners, or joint trespassers residing in different counties, shall be brought in the county where the defendant resides. The same provision is to be found in the constitution of 1868. Code, §5123.

This being a suit against L. H. Hall & Co., must be made returnable to the county of Fulton where they reside, although the foreclosure of the lien may have been legally made in the county of Polk. 52 *Ga.*, 79. So, too, if a claim be filed by any person not a party to the said *fi. fa.*, to any property levied upon, the same not being real estate, it must be returned to the same court to which the *fi. fa.* is made returnable, and there tried as other cases of claims. 49 *Ga.*, 596; 52 *Ib.*, 79–80.

Judgment affirmed.