WARE *vs.* BLALOCK *et al.*, administrators.

1. The affidavit to foreclose a landlord's lien for supplies in this case showed all the facts necessary to constitute a lien under the Code. It set out fully the relation of landlord and tenant, and stated that the landlord furnished the tenant with supplies to make a crop for the year 1882. It also stated the amount claimed, the demand on the owner and refusal to pay, after the debt became due.

2. It is not necessary, in an affidavit to foreclose a landlord's lien for supplies furnished, to set out the property on which the lien is claimed. Execution is to be issued against the property subject to the lien; and the law specifies that the property so subject is the crops raised during the year when the supplies were furnished.

March 18, 1884.

Landlord and Tenant. Liens. Pleadings. Executions. Before Judge HARRIS. Fayette Superior Court. September Term, 1883.

Reported in the decision.

ROAN & ROSSER, for plaintiff in error.

C. W. HODNETT; J. T. SPENCE; VAN EPPS, CALHOUN & KING, for defendants.

BLANDFORD, Justice.

The questions in this case arise from the following affidavit to foreclose a landlord's lien:

" GEORGIA—Fayette County.

In person came A. O. Blalock, one of the administrators of Z. B. Blalock, deceased, who upon oath says that I. E. and A. O. Blalock are the administrators on the estate of Z. B. Blalock, deceased, of said county, and say that Solomon Whatley is tenant to them in said capacity of administrators, having rented the place known as the White place, in the 549th district of said county, and that as such tenant he is indebted to the said I. E. and A. O. Blalock, administrators, in the sum of fifty-eight dollars and twenty cents, which amount has fallen due within the last twelve months and is now passed due and unpaid, and that demand has been made on said Whatley by deponent since the same fell due, and that he refused to

pay the same, and that it is now unpaid. That said amount is due for rations, provisions, etc., furnished said Solomon Whatley to make a crop on said place during the present year. Your deponent therefore asks that process may issue at once."

Which affidavit bears date December 2, 1882.

A writ of execution issued for the amount stated in the affidavit against Whatley, commanding the constables to levy on a sufficiency of the crop raised on said place mentioned in the affidavit to make the money claimed. Certain property having been levied on, Ware interposed a claim, which was carried to the superior court by appeal, and on the trial, claimant moved to quash the proceedings of foreclosure on the following grounds :

(1.) That the face of the affidavit does not show the relation of landlord and tenant.

(2.) The affidavit does not show that plaintiffs' furnished the supplies as landlords.

(3.) The affidavit did not show jurisdiction in the justice's court to which it was returned.

(4.) It did not show that the demand made for payment was a personal demand.

(5.) Because it did not appear that the defendant refused to pay the debt after the demand was made.

(6.) That the demand was not made on Whatley as owner of the property upon which the lien was claimed.

(7.) That it did not show that there was any crop raised by Whatley, or what it consisted of.

(8.) It does not set out what property a lien is claimed on.

(9.) Because the *fi. fa.* did not issue against the crop of 1882.

The court overruled the motion, and claimant excepted and assigns error thereon.

We think that the affidavit itself answers all of the objections urged against it, from one to seven. The only serious question is, was it necessary to specify the crop upon which the lien was claimed in the affidavit? Code,

§1978, says that, "Landlords furnishing supplies, money, farming utensils or other articles of necessity to make crops . . . shall have the right to secure themselves from the crops of the year in which such things are furnished with the following conditions:

"1. The liens provided for in this section shall arise by operation of law, from the relation of landlord and tenant, as well 'as by special contract in writing, whenever the landlord shall furnish the articles enumerated in said section for the purposes therein named. The liens may be enforced in the manner provided in section 1991 of the Code."

§1991 for the enforcement of liens on personalty: "Liens on personal property, not mortgages, unless otherwise provided in this article, shall be foreclosed in accordance with the following provisions: 1st. There must be a demand on the owner, agent or lessee of the property for payment, and refusal to pay, and such demand and refusal must be averred. 2d. It must be prosecuted within one year after the debt becomes due. 3d. The person prosecuting the lien, either for himself or as administrator, etc., shall make affidavit, where the amount claimed is under one hundred dollars, before a justice of the peace, who shall take all other steps hereinafter prescribed as in other cases in his court, which affidavit shall show all the facts necessary to constitute a lien under the Code, and such justice of the peace shall issue an execution *instanter* against the person owing the debt, and also against the property on which the lien is claimed, or which is subject to said lien, for the amount sworn to, and costs."

The affidavit in this case does show all the facts necessary to constitute a lien under the Code. The condition of landlord and tenant is fully made to appear; the fact that the landlord furnished the tenant with supplies to make a crop for the year 1882, is plainly stated; the amount claimed, the demand on the owner, and refusal to pay after the debt became due is averred. It is not necessary

that the property on which the lien is claimed should be set out in the affidavit. The justice of the peace, under this affidavit, was required to issue an execution against the property subject to the lien. What property is subject? The law answers, the crops raised during the year the supplies were furnished; and this was done by the justice in this case. We are satisfied that the court did not err in overruling the objections to the plaintiff's affidavit.

Judgment affirmed.