Judgment reversed and a <i>procedendo</i> awarded.

## County of Clarion *versus* The Western Pennsylvania Hospital for the Insane.

1. Under the provisions of the Act of 14th of May, 1874, P. L. 160, entitled: " An Act to provide for the custody of insane persons charged with and acquitted or convicted of crime," the court or law judge of that county only in which the prisoner was convicted has jurisdiction to appoint a commission for the removal of a prisoner from the penitentiary to the hospital.

2. The court or law judge of that county only in which there could be a lawful trial of the prisoner, has jurisdiction to appoint a commission for the removal to the hospital of one acquitted of a crime on the ground of insanity.

November 11th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 1, of *Allegheny county*: Of October and November Term, 1885, No. 219.

Assumpsit by the Western Pennsylvania Hospital for the Insane against the County of Clarion. Plea non-assumpsit payment with leave.

Lorenzo Haight, whose place of settlement was in Jefferson County, was convicted of rape in the Oyer and Terminer of Clarion County, and sent to the Western Penitentiary.

The Court of Quarter Sessions of Allegheny County, by an order under its seal, directed the removal of said prisoner from the Western Penitentiary to the Hospital for the Insane at Dixmont. This order was founded on proceedings had in that court, under the first section of the Act of May 14th, 1874, P. L. 160. The order directed that the expense of the removal of said prisoner and his maintenance at the hospital be paid by

the County of Clarion. No notice of the proceedings had been given to Clarion County.

This suit was brought by the Hospital against the County of Clarion, to recover said expenses.

The defendant submitted the following points:

1. That under the provisions of the Act of 14th of May, 1874, P. L. 160, entitled "An Act to provide for the custody of insane persons charged with and acquitted or convicted of crime," the court or a law judge of the county in which the prisoner was convicted only has jurisdiction to appoint a commission for removal of prisoner from the penitentiary to the hospital, and as the evidence in this case shows that said prisoner was convicted in Clarion County, the order issued by the Court of Quarter Sessions of Allegheny County is void, and under the evidence the County of Clarion is not liable and the verdict should be for the defendant. Refused and reserved. (First assignment of error.)

2. That the Act of Assembly mentioned in the first point is a general law and did not repeal the several prior local acts relating to the West Pennsylvania Hospital, and the Court of Quarter Sessions of Allegheny County was not authorized to transfer said prisoner from the penitentiary to the hospital, and under the evidence the verdict should be for the defendant. Refused and reserved. (Second assignment of error.)

3. That under all the evidence the verdict of the jury should be for the defendant. Refused. (Third assignment of error.) Verdict for the plaintiff, subject to the points reserved.

The Court, COLLIER, J., filed the following opinion on the points reserved.

On the trial of this case it appeared that Lorenzo Haight had been tried and convicted in Clarion County, of the crime of rape, and had been duly sentenced by the court of that county to serve a term in the Western Penitentiary, located in Allegheny County.

While undergoing his sentence in the said institution, the said Lorenzo Haight was found to be insane, by proceedings under the Act of May, 1874, P. L. of 1874, 160, and committed to the Western Penitentiary Hospital for the Insane, by the Court of Quarter Sessions of Allegheny County, to be maintained there at the expense of Clarion County.

The above facts were admitted and undisputed.

The Act of May 14th, 1874, sec. 1st, provides: "Whenever any person is imprisoned within the Commonwealth, convicted of any crime whatsoever, or charged with any crime and acquitted on the ground of insanity," application in writing may be made by the warden, superintendent, physician, or any in-

spector of the penitentiary or prison in which such person is imprisoned, to the court hereinafter named, or any law judge thereof, "which application shall certify under oath or affirmation that such prisoner is believed to be insane, and shall request that such prisoner shall be removed to a hospital for the insane," "whereupon it shall be lawful for any judge learned in the law of any court within this Commonwealth having immediate cognizance of the crime with which such prisoner is charged, or of the court by which such prisoner has been convicted, to appoint a commission of three citizens," etc.

It seems to us that this Act, its provisions being in the alternative, gives jurisdiction to two classes of courts—first, to a law judge of any court within the Commonwealth, having immediate cognizance of the crime charged; and second, to the court by which the person was convicted. It was not necessary therefore that the petition for the removal of the insane convict to the hospital should be made to the Court of Clarion County.

As to the second point, we are unable to see how the local or special Acts relating to the hospital, interfere with the general Act of 1874, and we do not think they do.

And now September 18th, 1885, judgment is entered on the verdict of the plaintiff on the questions of law reserved on payment of the verdict fee.

Judgment was entered, whereupon the defendant took this writ assigning for error the refusal by the court of the defendant's points.

*B. J. Reid*, (with whom was *A. B. Reid*,) for plaintiff in error.

*George Shiras, Jr.*, (with whom was *George Shiras*, 3d,) for defendant in error.

Mr. Justice TRUNKEY delivered the opinion of the Court, January 4th, 1886.

Two classes of persons are made subjects of proceedings under the Act of May 14th, 1874, "to provide for the custody of insane persons charged with and acquitted or convicted of crime." 1. Any person who is imprisoned within this Commonwealth, convicted of any crime whatsoever. 2. Any person who is imprisoned charged with any crime and acquitted on the ground of insanity.

Application for removal of any person to a hospital for the insane may be made "to the Court hereinafter named, or any law judge thereof;" that is, to "any judge learned in the law

[County of Clarion *v.* Western Pennsylvania Hospital.]

of any court within this Commonwealth having immediate cognizance of the crime with which such prisoner is charged, or of the court by which such prisoner has been convicted." Clearly the court, or any law judge thereof, by which the prisoner was convicted has jurisdiction of one class. In all other cases the prisoner is one who has been tried and acquitted on the ground of insanity, and application shall be made to the court, or a law judge thereof, having immediate cognizance of the crime with which such prisoner is charged. Is it possible that any court can have cognizance of such crime other than a court in the county where the prisoner was tried? The context shows that "cognizance" is used in the sense of "the right to take notice of and determine a cause." That right exists only where the crime was committed, or in a county where the prisoner may be legally tried. The Courts of Oyer and Terminer have jurisdiction of all crimes. It is not the intendment of the statute to give that court, or any other criminal court, in any county, jurisdiction of applications relative to prisoners tried and convicted, or acquitted on the ground of insanity, in the courts of other counties.

It is suggested in the argument by the defendant in error, that the Legislature intended that when the prisoner was confined in the jail of the county wherein he had been tried, the court of that county should pass on the question of insanity and order the removal; and that when the prisoner is in a penitentiary the court of corresponding jurisdiction in the county where the penitentiary is located, should have the power to act. Had such been the intent, how easily it could have been expressed. But, instead, it is reasonably well expressed that as to persons in one class, whether in jail or penitentiary, application should be made to a court or judge in the county where the prisoner was convicted; and as to prisoners of the other class, the application shall be made to the court or judge in the county or district where there could be lawful trial of the prisoner.

The defendant's first and third points should have been affirmed, but they were reversed and the verdict taken subject thereto.

> Judgment reserved, and now judgment is entered for the defendant *non obstante veredicto.*