Berry *et al. vs.* Powell *et al.*

The affidavit in this case is full, and contains all the allegations necessary to authorize a distress warrant for rent, and also to show that the landlords had a special lien on the crops made on the land rented by them to the tenants, and a general lien on the property of the debtors; and such lien may be enforced by distress warrant for rent under §1977 of the Code, and not under §1991, as provided for other liens.

(*a.*) *Semble* that, when the affidavit of the landlord is sufficiently full, his general and special lien may be enforced by distress warrant for rent under §1977 of the Code.

(*b.*) The court erred in quashing the distress warrant in this case.

May 1, 1886.

Landlord and Tenant. Liens. Distress Warrant. Before Judge BRANHAM. Polk Superior Court. August Term, 1885.

Ivy F. Thompson, as attorney and agent of Thomas Berry and Alfred Shorter, made the following affidavit to obtain a distress warrant against M. J. Powell:

"GEORGIA, POLK COUNTY.

"Before me in person came Ivy F. Thompson, attorney and agent for Thomas Berry and Alfred Shorter, who, on oath, says that M. J. Powell, of said county, is justly indebted to Thomas Berry and Alfred Shorter for the rent of their land in said county adjoining the lands of J. O. Waddell and W. G. Reed, for the year 1881, twelve bales of cotton, each to weigh five hundred pounds, of average grade, each of the value of fifty-five dollars, and in all, the sum of six hundred and sixty dollars; that the said rent is not due, but a part of the crop made on said farm the present year has been removed from the

premises by said M. J. Powell, and those under him, and sold without the payment of the rent, or any part thereof, and that they are seeking to remove the said crops from the premises.

" A personal demand has been made on said Powell for the payment of said rent, verbally and in writing, by Thomas Berry and A. Shorter, and by their agent, since said crops were being removed, and payment thereof was refused. This distress warrant is taken out within twelve months from the time the said rent became due. Said Berry and Shorter claim a special lien on the cotton, cotton seed, corn and fodder raised on said land during the year 1881, and a general lien on all the other property of said M. J. Powell to secure the payment of said rent.

IVY F. THOMPSON,

Att. and Agent for Thomas Berry and A. Shorter.

" Sworn to and subscribed before me, 20th September, 1881.

" L. S. LEDBETTER, N. P. and J. P."

A distress warrant was issued and levied on the crops of that year. Huntington & Wright interposed a claim. On the trial, on motion, the court quashed the warrant on the ground that it was the foreclosure of a special lien and was void for fatal defects in the affidavit.

The plaintiffs excepted. Shorter having died, his executors were made parties plaintiff in his stead.

IVY F. THOMPSON, for plaintiffs in error.

BLANCE & NOYES, for defendants.

BLANDFORD, Justice.

The affidavit in this case is full and contains all the allegations necessary to authorize a distress warrant for rent, and also to show that the landlords had a special lien on the crops made on the land rented by them to the tenants and also a general lien on the property of the debtor, and such liens may be enforced by distress for rent under section 1977 of the Code, and not under 1971, as provided for other liens.

It seems to us, when the affidavit of the landlord is sufficiently full, as in this case, that the general and special

lien of the landlord may be enforced by distress warrant for rent under 1977 section of the Code, however illogical it may appear.

We think the court erred in quashing the distress warrant in this case.

Judgment reversed.