Blandford, Justice.
Colclough & Co. obtained several judgments against J. S. Barker and H. Y. Barker, upon which executions issued and were levied on certain cotton as the property of the defendants. D. B. Hamilton sued out a distress warrant for rent before a justice of the peace or notary public, *395 against said J. S. and EL Y. Barker, which was levied on the same cotton. The cotton was sold by the sheriff by the consent of the parties, and the money arising from the sale being in the hands of the sheriff, a rule was brought against him to distribute the same; and upon the trial of this rule, Colclough <fe Co. moved the court to dismiss the distress warrant sued out by Hamilton against the.Barkers, upon the ground that the same was an attempt to foreclose a special lien upon the cotton for rent due the landlord, and that the affidavit was made before a justice of the peace, and a distress warrant issued by a justice of the peace, whereas the same should have been foreclosed under section 1991 of the code, and the affidavit made before a judge of the superior court or the oi’dinary; and further, that the affidavit to obtain the distress warrant was made by an attorney at law for D. B. Hamilton; and again, that there was no allegation that a demand was made for this rent, after the same became due, by Hamilton, but that the demand was made by an attorney at law.
The court overruled these objections, and error is assigned upon the judgment of the court in overruling the same. The court awarded the money in the hands of the sheriff to be paid upon the distress warrant in favor of Hamilton, and to that ruling the plaintiffs in error also excepted. They further except to the ruling of the court because the costs due on their common lawji.fas. were not paid out of the fund in the hands of the sheriff.
It appears that the affidavit to obtain -the distress warrant was made by Harper Hamilton, attorney at law, for E). B. Hamilton. The affidavit is quite full, and alleges, in substance, that the Barkers “ are indebted to said D. B. Hamilton in the sum of $297.50, or seven bales of middling cotton, said bales weighing 500 pounds each, for rent of farm for the year of 1885 ; that since the rent became due, payment of the same was demanded of the said Barkers, who then refused, and still refuse, to pay the same; that the affidavit is made within twelve months from the *396 time said rent became due ”; and it prays that a distress warrant, for the purpose of enforcing a special lien for rent-may issue against the Barkers, to be levied upon the crops made during the year 1885 upon the lands rented as aforesaid.
1. Section 1977 of the code gives to landlords a special lien for rent on the crops made on land rented from them, to be superior to all liens except liens for taxes. It also gives them a general lien upon the property of the debtor. It further provides that special liens of landlords for rent shall date from the maturity of the crops on the land rented, unless otherwise agreed upon, but shall not be enforced by distress warrants until said rent is due, unless the tenant is removing his property, when the landlord may, as provided elsewhere in the code, enforce said liens, both general and special.
2. This section of the code has no provision for the foreclosure of these liens as provided in section 1991 of the code, nor is there any provision in this statute that, before a distress warrant may issue to enforce the special liens of landlords, a demand for payment of the rent shall be made, but it merely provides that the lien shall not be enforced by distress warrant until the rent is due. The affidavit of the attorney at law sets out distinctly that the rent is due, and furthermore, that payment had been demanded after it became due. The only way for these special liens to be enforced, as provided by the code, is by distress warrant for rent. Section 2286 provides how the warrant may be obtained.
In the case of Worrill vs. Barnes, 57 Ga. 406, this court seems to decide that the proper mode of enforcing the lien is by distress warrant for rent. This view is strengthened by the next section of the code (§1978), which gives to landlords a special lien for supplies furnished to make crops, and provides that that lien shall be foreclosed as pointed out in section 1991 of the code. Section 4082 provides that any person who may have rent due may, by *397 himself, his agent or attorney,- make application to any justice of the peace within the county where his debtor may reside, or where his property may be found, and obtain a distress warrant for the sum claimed to be due. This section clearly recognizes the right of a person to sue out a distress warrant by his attorney at law or agent, as was done in the present case. The lien on the crops is for rent due the landlord, and is a security to him for his rent. So we think that the objections to the distress warrant and the affidavit to obtain the same are not well taken.
3. As to the costs, the lien of the landlord is superior to all liens except for taxes. It is superior to the lien of a general judgment; and in a contest such as this, the landlord is entitled to be paid, in preference to the plaintiff in a common law judgment, any costs that may be due the plaintiff in such judgment. The costs of the proceeding to distribute the money, and the expense in bringing the same into court, must come out of the fund in court; but we know of no law, and none has been shown to us, which would authorize any cost to be paid to the plaintiff in common law judgments in preference to a distress warrant such as this. So the conclusion we have come to is, that the judgment of the court below must be affirmed.