## Jones *vs.* Wylie.

In the foreclosure of liens, a justice's court has no jurisdiction outside of its district; and if it takes jurisdiction to foreclose a landlord's lien, it must be either in the district where the defendant resides or where he may have property. 52 *Ga.* 79, and 49 *Ga.* 596, distinguished.

(a) In the issuance of distress warrants or attachments, a justice's jurisdiction is not so limited.

April 29, 1889.

Justice courts.  Jurisdiction.  Liens.  Before Judge Hutchins.  Gwinnett superior court.  October adjourned term, 1888.

Jones made an affidavit to foreclose his landlord's special lien against Wylie, his tenant, residing in the 408th district, G. M., before the justice of the peace of the 407th district, G. M., who thereupon issued an execution, making it returnable to the 408th district. A levy was made by the constable of the 408th district; and the defendant interposed an affidavit of illegality, denying the existence of a lien, and alleging that the execution was illegal for want of jurisdiction in the justice issuing it; and on this latter ground he moved, at the trial of the issue, to dismiss the levy. This motion was sustained; and the plaintiff, by *certiorari*, assigned this judgment as illegal, because it is not necessary that the landlord should apply to the magistrate of the district of the tenant's residence, but may apply to any justice of the peace of the county, provided the execution be made returnable to the district of the defendant's residence. The *certiorari* was dismissed, and plaintiff excepted.

C. H. Brand, for plaintiff.

No appearance for defendant.

SIMMONS, Justice.

The court below decided that the landlord could not foreclose his lien for supplies in a district where his tenant did not reside, and in which the tenant had no property.   We are inclined to think that the court was right.   The general law in this State is, that the defendant must be sued in the county of his residence, and if the claim is within a justice's court's jurisdiction, it must be sued in the militia district in which the defendant resides.   Section 1991 of the code, in treating of the foreclosure of liens upon personalty, says, in substance, that there must be a demand on the owner, etc. of the property for payment, and a refusal to pay, and such demand and refusal must be averred; that it must be prosecuted within one year after the debt becomes due; and that the person prosecuting such lien must make affidavit before a judge of the superior court or the ordinary of the county in which the property may be or the defendant may reside, showing the facts necessary to constitute a lien.   And "if the amount claimed is under one hundred dollars, the application may be made to a justice of the peace, who may take all the other steps hereinafter prescribed, as in other cases in his court.   Upon such affidavit being filed, if before . . a justice of the peace, . . . it shall be the duty of the . . justice of the peace, if in his court, to issue an execution," etc.   This section seems to contemplate that if the claim is within a justice of the peace's jurisdiction, it shall be made to a justice in the district where the defendant resides.   It says that in that event the justice shall take all other steps as in other cases in *his* court, and that he shall issue execution as if the case were in *his* court; in other words, the justice is to deal with the case just as if it were an original suit brought in his court against the defendant.

If an original suit is brought against the defendant in a justice's court, it must be brought in the district wherein the defendant resides, if there is a justice in that district.

In this case the affidavit to foreclose the lien does not allege that the defendant resided in the district of the justice who issued the *fi. fa.;* nor does it allege that the defendant had property in that district. Counsel for the plaintiff in error cited the case of *Tharpe vs. Foster,* 52 *Ga.* 79, as analogous to the case under consideration. It will be observed, on reading that case, that the defendant had property in the county of Bibb, but resided in the county of Morgan; and the court held that the lien was properly foreclosed in the county of Bibb because the defendant had property therein, but that it must be returned to the county of the defendant's residence for trial. The case of *Hardeman & Sparks vs. De Vaughn,* 49 *Ga.* 596, relied on by counsel for the plaintiff in error, is similar in its facts to the case of *Tharpe vs. Foster, supra.* The foreclosure was in Macon county, and the cotton was in that county, but Brown resided in Houston county, and the court held that the issue made in the case should be returned for trial in the county of the defendant's residence. It was likewise argued by counsel for plaintiff in error, that any justice of the peace could issue attachments and distress warrants, regardless of the defendant's residence in any particular district. That is true, and this court has so held. Section 4082 of the code, in relation to distress warrants, expressly allows it. Section 3265 allows any justice of the peace in the county to issue attachments. A justice's jurisdiction is not limited in the issuance of distress warrants or attachments. But in the foreclosure of liens the justice's jurisdiction is limited, and he has no jurisdiction outside of his district; and if he

takes jurisdiction to foreclose a landlord's lien, it must be either in the district where the defendant resides, or where he may have property.

Judgment affirmed.