ALMAND *et al. v.* SCOTT & COMPANY.*

BLECKLEY, C. J.—1. Rent, whether resting on general or special lien, may be collected by distress warrant. Code, §1977. And whatever

---

*In this and the other cases of this term following, no further opinion than the head-notes was filed.

the process may be called, when it is such warrant in substance, it is such in fact and law.

2. Any justice of the peace of the county may issue a distress warrant. Code, §4082; *Jones* v. *Wylie*, 82 *Ga.* 745.

3. If a claim is interposed, and is returned to the district in which the defendant resides, and the claimant goes to trial there without objection to the jurisdiction, he waives objection. That the warrant is returnable to another district does not entitle him to have the levy dismissed.

4. The affidavit to obtain a distress warrant for rent, whether on a general or special lien, need not allege demand. *Colclough* v. *Mathis*, 79 Ga. 394. Demand unnecessary now by express statute. Acts of 1887, p. 34.

5. The jury in a justice's court may correct their verdict at the time of returning it and before they have dispersed or been discharged when they have made a mistake in writing it out.

May 17, 1889.                                    *Judgment affirmed.*

Distress warrant. Landlord and tenant. Liens. Justice courts. Practice. Claim. Demand. Jury and and jurors. Verdict. Before Judge BOYNTON. Rockdale superior court. September adjourned term, 1888.

On November 5, 1884, D. M. Parker, as agent of George W. Scott & Co., made oath before a magistrate (of what militia district does not appear) in Rockdale county, that on the 7th of January, 1884, one Abe Sims, of said county, leased of John T. Henderson, trustee, thirty acres of land, more or less, to be planted in cotton in said year, for which he was to pay one fourth of the cotton grown thereon to said trustee, that said Henderson, such trustee, on March 20, 1884, assigned the lease in writing to affiant, as agent for Scott & Co., as security, etc.; that the land was so cultivated in said year by Sims, and he had made on it in said year four bales of lint cotton, one fourth of which, for rental, was due and unpaid, estimated of the value of $50; and that demand for payment for said rental had been made of said Sims (which he refused to pay) since said rental had become due, which rental, by reason of the transfer aforesaid, was due to Geo. W. Scott & Co.

On the same day, the same magistrate issued execution, stating the recitals in the affidavit mentioned, and commanding, "any lawful constable of the county," of the entire crop of cotton raised and grown during 1884 by said Sims on the land described, to cause to be made by levy and sale said sum of $50 principal, with interest and cost, and to make return to the November term, 1884, of the justice's court of the 476 district G. M., said county." The following entry of levy was made :

"I have this day executed the within distress warrant by levying on one bale of cotton and seed out of the same as the property of Abe Sims. This November 6, 1884.    W. A. WARDLAW, L. C."

A claim was interposed by H. P. & D. M. Almand. The matter was returned to the justice's court of the 475 district G. M., of said county, where a judgement was rendered by the magistrate, from which judgement an appeal was taken to a jury in said court. When the case was called in its order, counsel for claimants moved to dismiss the levy for various reasons, which were afterwards insisted on before the jury, and are hereinafter set out, but the court declined to entertain the motion on the ground that the case was on the appeal, and all questions of law and fact were for the jury.

Plaintiffs introduced the affidavit of foreclosure, the *fi. fa.* based thereon with the entry of levy mentioned, and the rent contract between Sims and Henderson with the transfer of the same. Also the following oral testimony : Wardlaw, L. C., testified that he was constable of the 476 district G. M. of said county, and that in said district, on a road, he levied on a lot of cotton in the seed in the possession of Sims, which was carried to Hammock & Parker's gin at Conyers ; that he did not follow the cotton through the gin to see whether it was the identical cotton he carried there or not ; and that claimants stated the cotton levied on was theirs, and filed their affidavit and gave bond for the same. D. F. Carr testified, for claimants, that the cotton levied

on was raised by Sims on.land in the 476 district G. M.
in the year 1884; that Sims made about four bales on
said land; that Sims lived in the 475 district; that wit-
ness saw him loading the cotton in the field in said dis-
trict and on said lands in said district rented, and fol-
lowed the wagon containing it and notified the bailiff,
Wardlaw; and that witness, as agent for D. M. Parker
and Scott & Co., made several demands on Sims for
rent after the same became due, and before the fore-
closure of the lien, which Sims refused to pay.    D. M.
Parker swore that he was agent for Scott & Co., and as
such agent claimed the amount of rent due, and author-
ized Carr to make demand for the same after it became
due; and that the cotton levied on by Wardlaw was
carried to the gin.    Both the last named witnesses
testified that they did not know the cotton levied on to
be the cotton claimed and in issue.

The evidence then closed and the counsel for claimants
insisted before the jury that the claims should be sus-
tained:

(1) Because neither the affidavit of foreclosure nor the
evidence show that demand for payment was made by
the owner or his agent.

(2) Because the affidavit did not allege when the rent
became due, nor whether it became due before foreclos-
ure or not.

(3) Because there was no evidence that the cotton
claimed was the cotton levied on, or that it was raised
on the land in question.

(4) Because the evidence showed that Sims resided in
the 475 district G. M., and not in the 476 district G. M.,
to which latter district the *fi. fa.* was made returnable
on its face.

(5) Because the law and the evidence demand a ver-
dict for claimants.

It seems that the jury at first returned a verdict or
made a verdict in favor of claimants, but they changed

the verdict of their own motion, if changed at all, and explained that it was their intention to find the property subject to the *fi. fa.* and not subject to the claimants, which was done before the panel was dissolved, after which the jury were called and they all answered that it was their verdict to make said property subject as stated. Claimants carried the cause by *certiorari* to the superior court, alleging as error that the court below would not entertain their motion to dismiss the levy, that the verdict was contrary to the law and evidence, and that it was error to allow the change in the verdict. The *certiorari* was overruled, and the claimants excepted.

A. C. McCALLA, for plaintiffs in error.

J. N. GLENN, *contra*.