### 141. DEAN *v.* DONALSON, executor.

1. Any justice of the peace within the county where the debtor may reside, or where his property may be found, can issue a distress warrant for rent; and unless the amount claimed exceeds one hundred dollars, such justice has jurisdiction to try the issue made by a counter-affidavit, whether the defendant resides in his district or the property be found in his district or not, provided the county be that of the defendant's residence.

2. An executor, administrator, guardian, or trustee can sue out a distress warrant in his individual capacity, and terms indicating a representative capacity, if used, may be treated and disregarded as surplusage.

Certiorari, from Decatur superior court—Albert H. Russell, judge pro hac vice.    May 23, 1906.

Submitted February 26,—Decided September 19, 1907.

*Byron Bower,* for plaintiff in error.    *A. E. Thornton,* contra.

RUSSELL, J.    J. R. Donalson, as executor of the will of C. U. Curry, rented certain premises to Frank Dean.    The rented premises were part of the estate of the deceased.    On the 8th of November, 1905, a distress warrant was issued by W. G. D. Tonge, N. P. & ex-officio J. P. of the 513th District, G. M., of Decatur county, in favor of Donalson, executor, and against Dean, for the sum of $100.    The constable levied on certain personal property of the defendant in the 1188th district of said county.    The defendant filed a counter-affidavit and bond, and the papers were returned to the justice of the 513th district, who had issued the warrant. When the case was called in its order, the defendant filed a plea to the jurisdiction, showing that he resided in the 1188th district G. M., and had never resided in the 513th district.    Counsel for Donalson in open court admitted the facts set up in the plea. Thereupon the defendant moved to dismiss the levy and quash the warrant, upon the ground that the justice of the 513th district had no jurisdiction of the person or property of the defendant.    The magistrate overruled the motion and refused to transfer the case to the court which defendant claims had proper jurisdiction, and over defendant's objection proceeded with the trial.    On the trial the plaintiff put in evidence the affidavit and distress warrant, the entry of levy, and the will of his testator, showing that he was therein named executor; and testified that as executor he rented the premises to Dean, and that the rent was due and unpaid.    On cross-examination he testified that Frank Dean did not owe him anything individually, that there was no contract between the defendant and himself individually, and that the amount due was due the estate of C. U. Curry, the deceased, of which he was executor.    The plaintiff having then closed, the defendant moved that the levy be dismissed and the warrant quashed, and for a judgment in his favor, upon the ground that the evidence showed that whatever debt or contract existed was with the estate of C. U. Curry, and not with Donalson, and that the proceedings were for James R. Donalson individually,—the words as executor of the estate of C. U. Curry and the word executor being merely descriptio personæ.

This motion the court also overruled, and granted a judgment in favor of the plaintiff as executor of the estate of C. U. Curry against the defendant (now plaintiff in error) and the securities on his bond. The plaintiff in error insisted that both rulings were erroneous, and carried the case by certiorari to the superior court; but the certiorari was dismissed by his honor Albert H. Russell, judge pro hac vice. Three questions are made by the record: (1) Could the justice of the peace issue the distress warrant? (2) Did the justice issuing the warrant have jurisdiction to try the issue raised by the counter-affidavit, when it was admitted that the defendant lived in a different district? (3) Was the plaintiff entitled, under the evidence, to a judgment in his favor?

1. As has heretofore been held by this court in *Woolsey v. Lawshe,* 1 *Ga. App.* 817, 57 S. E. 1039, any justice of the peace of the county where the debtor resides or has property can issue a distress warrant; for this is the express provision of the Civil Code, §4818. See also *Almand v. Scott,* 83 *Ga.* 403 (2), 11 S. E. 653; *Jones v. Wylie,* 82 *Ga.* 745, 9 S. E. 614. So that the right of the justice to issue the distress warrant in this case can not be questioned.

2. The answer to the second question is not so absolutely clear, so far as direct authority is concerned. At least we have been unable to find any Georgia case where it has been distinctly decided in terms that any justice of the peace of the county can try the issue made by distress warrant and counter-affidavit. But in the case of *Jones v. Wiley,* while this question was not then before the court, Justice Simmons in rendering the opinion draws a distinction between the foreclosure of liens in a justice's court and the issuance of a distress warrant, and the intimation is strong that the justice who issues a distress warrant, if the amount be not greater than a hundred dollars, would have jurisdiction to try any issue arising thereon. The motion made in this case was to dismiss the levy; and Chief Justice Bleckley in *Almand v. Scott,* 83 *Ga.* 403, 11 S. E. 653, in the latter portion of the third headnote, holds that the fact that a distress warrant is returnable to another district does not entitle a claimant to have the levy dismissed. No opinion was delivered in the *Almand* case, but from the statement of facts in that case it appears that it was tried in the district of the defendant's residence, and from the reading of the

whole third headnote it is clear that the learned Chief Justice construed the words, "the court having cognizance thereof," in the Civil Code, §4819, as we do, as meaning the court which issued the warrant; this subject, however, to the exception provided in §4818, that if the sums claimed to be due exceed one hundred dollars, the issue shall be tried either in a county, city, or superior court. We think there is no question that the words, "having cognizance thereof," quoted above, give the justice of any district in the county of defendant's residence, who has issued a distress warrant, the right to try any issue which may be raised by a counter-affidavit. In ordinary parlance, to "have cognizance of" means to have knowledge of; and the only court necessarily presumed to have knowledge of the issuance of a summary proceeding, such as a distress warrant, would be the justice who has issued it. But the legal meaning of the word "cognizance" is broader than its ordinary meaning. It not only implies knowledge of the subject-matter but power to deal with it. "Cognizance is a word of the greatest import, embracing all power, authority, and jurisdiction." Webster v. Commonwealth, 59 Mass. 386. And the Supreme Court of Pennsylvania in Clarion County v. Western Hospital, 111 Pa. St. 339, 3 Atl. 97, held that the word "cognizance," as used in a statute providing that an application may be made "to any judge learned in the law, of any court within this commonwealth having immediate cognizance of the crime," is used in the sense of "the right to take notice of and determine a cause."

3. As to the third point, it is sufficient to say that there is no variance between the judgment rendered and the affidavit and warrant, and treating the words, "executor of the estate of C. U. Curry," as being merely descriptio personæ, both the proceedings and the judgment may be treated as in favor of Donalson as an individual. As it is undisputed that the contract of rent was made by the defendant for realty belonging to the estate of the testator and that Donalson is his executor, he could sue and recover, as he has, as an individual. It has frequently been held that a note made payable to an administrator is the property of such individual, and not of the estate of his intestate; and the rule would be the same in regard to any other contract as if it were evidenced by a note. "The legal title to promissory notes and other evidences of debt taken by a guardian, executor, or administrator is in such guardian, ad-

ministrator, or executor, and he has the right to collect or sell and transfer the same, passing the legal title thereof to the transferee." *Fountain* v. *Anderson, 33 Ga.* 379, 6. And the court proceeds to say that although the purchaser of a note in such a case may know that the note belonged to an estate, the purchaser is not liable to account for the amount of the note so purchased or any loss accruing thereby, if the transaction is made in good faith. "Every guardian, administrator, or executor is prima facie liable to his ward or to the estate represented for all notes taken by him" (and we may say for all debts becoming due to him) "in the discharge of the duties of his office, such as notes taken for property sold, rented, or hired," etc. See also *Zellner* v. *Cleveland, 69 Ga.* 633; *Henderson* v. *Hill, 64 Ga.* 293. This ruling is made upon the theory that the descriptio personæ should be rejected as surplusage, and that the entire proceeding can properly be treated as being carried on by Donalson individually. So far as the evidence in this case shows, the defendant in error could have sued out the distress warrant in the first instance in his own name, under the third exception provided in the Civil Code, § 3037. *Morgan* v. *Morgan, 65 Ga.* 493; *Spence* v. *Wilson, 102 Ga.* 764, 29 S. E. 713; *Fargason* v. *Ford, 119 Ga.* 343, and cit., 46 S. E. 431.

*Judgment affirmed.*