## 5870. JONES *v.* BLACKWELDER.

The provision in subsection 2 of section 3366 of the Civil Code, that the liens on personal property therein referred to "must be prosecuted within one year after the debt becomes due," does not apply to the prosecution and enforcement by distress warrant of a special or general claim or demand by a landlord for rent. Only the general statutes of limitation apply as to the enforcement of such demands.

DECIDED MAY 17, 1915.

Distraint; from city court of Floyd county—Judge Reece. June 14, 1914.

*Maddox & Doyal,* for plaintiff.    *M. B. Eubanks,* for defendant.

WADE, J. On January 17, 1913, C. W. Jones made an affidavit before a justice of the peace that D. F. Blackwelder was justly indebted to him in the sum of $201.84, "for rent of what was formerly known as the Van Dyke farm, now owned by C. W. Jones and being in the Vans Valley district of Floyd county, Georgia, for the year 1911." A distress warrant was on the same day issued thereon against the defendant's property, "both real and personal," and was levied on January 25, 1913, upon 650 bales of hay, more or less, as the property of the defendant. Counter-affidavit and bond were filed by the defendant, and the case was returned to the city court of Floyd county, and at the June term, 1914, upon motion by counsel for the defendant, the presiding judge dismissed the distress warrant, "on the ground that the same was an effort to foreclose a lien on personal property; that all such liens were required to be prosecuted within one year after the debt became due; that said distress warrant shows that the same is for rent for the year 1911, while the same was issued on January 17, 1913, more than one year after the debt became due." To this judgment the plaintiff excepted.

Section 3340 of the Civil Code provides, that "Landlords shall have a special lien for rent on crops made on land rented from them, superior to all other liens except liens for taxes, to which

they shall be inferior, and shall also have a general lien on the property of the debtor, liable to levy and sale, and such general lien shall date from the time of the levy of a distress warrant to enforce the same." Section 3342 provides, that "Landlord's special liens for rent shall be enforced by distress warrant in the same manner as the general liens for rent are enforced, and no further allegations in the affidavit to procure a distress warrant to enforce a special lien for rent shall be necessary than is necessary to enforce the landlord's general lien for rent." So, under our statutes, a special lien exists for rent on the crops made on the rented land, and a general lien on *any* property of the debtor liable to levy and sale, and both liens "shall be enforced by distress warrant."

It has been repeatedly ruled, in effect, as in *Almand* v. *Scott,* 83 *Ga.* 402 (11 S. E. 653), that "rent, whether resting on general or special lien, may be collected by distress warrant. Code [of 1873], § 1977 [Civil Code of 1910, § 3342]. And whatever the process may be called, when it is such warrant in substance, it is such in fact and law." Section 5390 of the Civil Code declares that "any person who may have rent due" may obtain a distress warrant for the sum claimed to be due, which may be levied "on any property" belonging to the debtor, "whether found on the premises or elsewhere." The code (§ 3348) provides also for a lien in behalf of landlords furnishing supplies, etc., to make crops, and explicitly declares that such a lien shall attach only to the crops of the year in which the advances are made. Section 3366 declares how "liens on personal property, not mortgages, when not otherwise provided, shall be foreclosed," and among the requisites of foreclosure named are the following: (1) There must be a demand and a refusal to pay, and such demand and refusal must be averred, except under certain conditions mentioned. (2) The lien must be prosecuted within one year after the debt becomes due. (4) An execution shall issue instanter against the person owing the debt, "and also against the property on which the lien is claimed, or which is subject to said lien." It has been held by the Supreme Court that a landlord's lien for supplies must be foreclosed under section 3366, and can not be foreclosed by a distress warrant. *Mackenzie* v. *Flannery,* 90 *Ga.* 590 (3) (16 S. E. 710) ; *Ware* v. *Blalock,* 72 *Ga.* 804-806. In fact, section 1978 of the Code of 1882, section 2800 of the Civil Code of 1895, and section 3348 of the Civil Code of

1910, all explicitly declare that the liens arising in favor of land-lords for supplies furnished to make crops shall be foreclosed in the manner provided by section 1991 of the Code of 1882, section 2816 of the Civil Code of 1895, or section 3366 of the Civil Code of 1910. But nowhere is there any explicit provision in our stat-utes, nor has there been any ruling by the Supreme Court or this court, that a distress warrant issuing in behalf of the landlord for rent, whether issued to enforce the landlord's special or general lien therefor, must be foreclosed in accordance with the provisions of section 3366, supra. On the contrary, it has been distinctly held in *Berry* v. *Powell, 77 Ga. 79*, and in *Colclough* v. *Mathis, 79 Ga.* 394 (4 S. E. 762), that liens for rent shall be enforced by distress warrant, and not under that code section, as provided for other liens. In *Berry* v. *Powell,* supra, it was held: "The affidavit in this case is full, and contains all the allegations necessary to au-thorize a distress warrant for rent, and also to show that the land-lords had a special lien on the crops made on the land rented by them to the tenants, and a general lien on the property of the debt-ors; and such lien may be enforced by distress warrant for rent under § 1977 of the Code, and not under § 1991 [Civil Code of 1910, § 3366], as provided for other liens. (a) *Semble* that, when the affidavit of the landlord is sufficiently full, his general and special lien may be enforced by distress warrant for rent under § 1977 of the Code." In *Colclough* v. *Mathis,* supra, it was held, that "the special liens of landlords on the crops made on land rented from them are to be enforced by distress warrants, and not in the manner provided in § 1991 [Civil Code of 1910, § 3366] for the enforcement of liens on personalty." It might be concluded, from the holdings of the Supreme Court last referred to, that the pro-visions of section 3366, declaring how liens on personal property, not mortgages, when not otherwise provided, shall be foreclosed, and what requisites must exist before such liens may be enforced legally, were not intended to apply to distress warrants. To fur-ther confirm this view, it is only necessary to advert to several es-sentials to the enforcement of the liens referred to and covered by section 3366 which are not requisite to the proper enforcement of a landlord's special or general lien for rent by distress warrant. To enforce a lien on personalty under that section it is necessary to make a demand, and the demand and a refusal must be averred.

But "the affidavit to obtain a distress warrant for rent, whether on a general or special lien, need not allege demand. *Colclough* v. *Mathis*, supra. Demand is unnecessary now by express statute. Acts of 1887, p. 34." *Almand* v. *Scott*, supra. "When rent is due and unpaid, the landlord is entitled to a distress warrant against the tenant without having previously made a demand upon the latter for the payment of the rent." *Henley* v. *Brockman*, 124 *Ga.* 1059 (3) (53 S. E. 672).

Paragraph 4 of section 3366 provides also that where the proper affidavit has been filed with the clerk of the superior court, it shall be his duty to issue an execution instanter against the debtor, and also "against the property on which the lien is claimed or which is subject to said lien," which execution shall be levied "on such property subject to said lien," etc. A distress warrant, even for the enforcement of the landlord's special lien, need not describe the precise nature of the crops against which the landlord seeks to enforce the lien, and where it is sought to foreclose only a general lien for rent, it is not essential that the affidavit or the execution shall describe or identify in any way the property to be levied upon, but the execution proceeds against "any property belonging to said debtor;" and the landlord has a general lien against *all* property of the tenant.

These specific differences to which we have called attention, when taken in connection with the positive rulings of the Supreme Court, that landlord's liens for rent, whether special or general, are not to be foreclosed under the provisions of section 3366, applying to the foreclosure of liens on personalty as therein provided, make it clear to our minds that the limitations provided for in section 3366, that the liens on personalty therein referred to must be prosecuted within one year after the debt becomes due, does not relate to or include distress warrants, and does not limit the time within which a landlord may foreclose his lien for rent against a tenant. Statutes creating liens in derogation of the common law must usually be construed with strictness, and statutes of limitation, prescribing a time within which a right must be exercised or a privilege enjoyed, may not generally be extended to include more than is warranted by their precise terms.

Not only does section 5390 of the Civil Code of 1910 provide that "any person who may have rent due" may have a distress warrant issued in his behalf against his tenant, but in many decisions of the

Supreme Court and of this court it has been apparently recognized that this right exists in behalf of any person *having rent due.*  See *Scruggs* v. *Gibson,* 40 *Ga.* 511-519-520, *Davis* v. *DeVaughn,* 7 *Ga. App.* 324-325 (66 S. E. 956), and many other decisions.

The precise point whether one must prosecute his lien for rent by issuing a distress warrant therefor within one year after the debt becomes due does not appear to have been passed upon by the Supreme Court or by this court, so far as our diligence has been able to discover.  In the case of *McCray* v. *Samuel,* 65 *Ga.* 740, cited by counsel in this case, it was held that the court below erred in dismissing two distress warrants issued at the same time for consecutive years, which, it appears from the record, were each issued more than a year after the rent had become due.  The court held that, "where a landlord has two demands for rent, due consecutive years, the amounts being liquidated, he is not compelled to unite the demands in one distress warrant, although he has the option to do so."  While the holding of the Supreme Court that these warrants should not have been dismissed may seem inferentially to recognize the right to issue a distress warrant more than a year after the rent became due, it does not appear from the record that any question as to that right was specifically raised in that case.

We hold that a landlord may foreclose a lien for rent at any time within the period fixed by the general statutes of limitation, without regard to the special provision in section 3366 that the liens therein referred to must be prosecuted within one year from the time when the debt becomes due.  The trial judge, therefore, erred in sustaining the motion to dismiss the distress warrant in this case.                                    *Judgment reversed.*