## MAULDIN *et al. v.* DEATON.

GILBERT, J. 1. Where a distress warrant was issued and a counter-affidavit was filed and the property replevied by a proper bond, it appearing that the defendant resided in the county, it was the duty of the constable to return all of the papers to the court which ·issued the warrant. Civil Code (1910), § 5391; *Dean* v. *Donalson,* 2 *Ga. App.* 462 (58 S. E. 679), and cit.

2. The papers having been returned to a justice's court in a district other than the one in which the warrant was issued, and a mandamus absolute having issued requiring the papers to be returned to the proper court, which was in the 407th district, it was immaterial whether the constable returned the papers or another actually returned them by direction of the judge of the superior court who rendered the mandamus absolute.

3. Under the undisputed facts of the case, failure of the court to notify the constable, according to promise, when the judgment absolute was rendered does not constitute fraud against the defendant in the distress warrant, and affords no reason why levy and sale, pursuant to judgment in the justice's court on the distress warrant, should not proceed. Civil Code (1910), § 5492.

4. It follows from what has been ruled that the court erred in enjoining the constable from proceeding to collect the money on the fi. fa.

*Judgment reversed. All the Justices concur.*

No. 5319. NOVEMBER 10, 1926.

Injunction. Before Judge Stark. Gwinnett superior court. January 23, 1926.

---

Landlord and Tenant, 36 C. J. p. 579, n. 71.
Mandamus, 38 C. J. p. 936, n. 86.
Replevin, 34 Cyc. p. 1462, n. 4.

A distress warrant was issued by the justice of the peace for the 407th district G. M., Gwinnett County, returnable to the next term of that court. The same was levied by a constable for the 1397th district G. M., said county, which was the district of the defendant's residence. A counter-affidavit and replevy bond were made, and a return made to the justice's court for the 1397th district. A petition for mandamus was filed in Gwinnett superior court, to compel the constable to return the proceedings to the justice's court for the 407th district. This petition came on for hearing on the first Monday in September, 1925. The court informed the constable, who was defendant in the mandamus proceeding, that he would be notified when the court's order should be passed therein. Press of work caused the court to fail to do so, and on September 17 the court granted the mandamus absolute. Counsel for one of the parties, upon direction of the court, returned the papers to the justice's court designated in the mandamus judgment. A petition was filed in the superior court by the other party, to enjoin the sale of any property under a levy by another constable, on the ground that no officer authorized by law had made the return to the proper justice's court. The petition for injunction alleged, that upon said papers being returned to the justice's court for the 407th district, without the knowledge of petitioner or his counsel or the constable who made the first service, judgment was rendered on said proceedings, and thereafter a constable for the 407th district levied an execution, based on said judgment, upon property of petitioner; that said judgment was fraudulently procured, because no officer of the law had returned the papers to the justice's court which issued them; that there was, however, no authority of law for the justice of the peace to vacate his judgment; and therefore, being without an adequate remedy at law, he prayed an injunction to prevent sale of his property, and that the judgment of said justice court be declared null and void.

The court granted a restraining order on December 1, 1925, and "made the same permanent" on January 23, 1926, reciting as follows: "On the hearing of the mandamus case . . the court told Spence Holman, constable, the defendant in that case, that the court would notify him when he decided that case, and had overlooked that promise, and failed to comply with the same in

the hurry of signing the order on the last day of the following week of the court. Holman had a right to conclude that as the mandamus case was against him . . he was the only one that could return the papers, . . and for that reason neither he nor his counsel were negligent. When the court passed the order making the mandamus absolute, it went beyond its authority when the court told W. L. Nix, Esq., to return the papers to the justice court of the 407th dist. G. M., Gwinnett County, but acting upon this statement from the bench Mr. Nix was perfectly justified in pursuing the course he did."

*W. L. Nix,* for plaintiffs in error.

*S. M. Ledford* and *John I. Kelley,* contra.