No. 69.—ALGERNON S. HARTRIDGE, plaintiff in error, *vs.* WILLIAM McDANIEL, defendant in error.

[1.] To authorize the Jury to assess damages upon appeals, two things must satisfactorily appear, namely: that the appeal was *frivolous*, and intended for delay only.

[2.] It is competent to prove by defendant's Counsel that he advised the appeal to be entered, under the honest belief that the ground or grounds were good.

[3.] A defect in the process of the Court need not be pleaded. It may be taken advantage of at any time—being good in arrest of judgment, or even to set it aside after it is rendered.

Complaint, in Dooly Superior Court. Tried before Judge POWERS, April Term, 1856.

This action was brought on a note for $400 in Dooly Inferior Court, by Algernon S. Hartridge against William McDaniel. The defendant confessed judgment and entered an appeal to the Superior Court.

On the trial in the Superior Court, plaintiff introduced the note and closed.

Thomas H. Dawson, the Attorney of defendant, was introduced as a witness for the defence, and testified, that he advised defendant to enter an appeal from the Inferior to the Superior Court, on the ground that the process attached to plaintiff's declaration bore test in the name of one of the Justices of the Inferior Court only; and that in giving said advice, he was honest in the belief that the same was a good cause of appeal and a good legal defence. Plaintiff's Counsel objected to this testimony, on the ground that no plea had been filed in said case, and that said testimony was incompetent to go before the Jury to prevent them from finding damages for a frivolous appeal. The Court over-ruled the objection, holding that if the defence was a good one, no plea was necessary.

The evidence having closed, the Court charged the Jury,

that in determining the question of damages for a frivolous appeal, they must look exclusively to the intention of the party in entering the appeal, and if they should believe that the defendant in this case entered the appeal by the advice of his Counsel, and that his Attorney was honest in the belief that he had a good cause of appeal, they ought not to find any damages, but only the principal and interest due in said case.

The Jury returned a verdict for the principal and interest due on the note, with costs.

Plaintiff complains that the Court erred in admitting the testimony of Dawson, and in giving the charge above recited.

Cook & Montfort, for plaintiff in error.

Thos. H. Dawson, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

[1.] Before the Jury is authorized to assess damages, they must be satisfied of two things, namely : that the appeal was frivolous, and *intended* for delay only. This is the language of the law. (*Cobb*, 495.)

Six months ago we had two cases returned to this Court, at this place, upon the very ground upon which this appeal was entered; that is, that the process was attested in the name of but one only of the five Justices of the Inferior Court. Then, for the first time, an authoritative interpretation was put upon the Statute. And we did not hesitate to certify that in our opinion the writ of error was not prosecuted for delay only. We must not stultify ourselves, which we should do, were we to reverse the judgment of the Circuit Court.

And it will not do to prescribe a rigid and arbitrary rule which would deter parties from litigating their rights in Courts of Justice. Since the organization of this tribunal, I recollect but one case only where we have refused to certify that

the appeal was not, in our opinion, intended for delay. And yet, how many judgments have been reversed.

We appeal to the bar, if they have not been over-ruled on points in which they entertained the greatest confidence, and sustained on grounds which they scarcely considered worth arguing. *Tot homines quot sententiæ*: So many men so many opinions. A distinguished citizen of this State was saved, by the decision of this Court, from ruin upon a point in the record, against the insertion of which he remonstrated with his Counsel as ridiculous, he being himself a lawyer of eminence; and the judgment below was affirmed against him upon every other.

Interest is ordinarily compensation enough for money. If a creditor take from his debtor more than lawful interest, he can be compelled to refund usury, thus voluntarily paid. The damages allowed by the Statute are in the nature of a penalty. Hence, the Jury must be satisfied that there is an *intention* to delay the creditor *frivolously*. If there be good ground for the appeal, no damages can be recovered, notwithstanding the *intention* was to delay the debt. So, on the other hand, although the cause of appeal be *frivolous*, still, if the *animus*—the intention to delay—be wanting, damages cannot be found. True, the Jury may infer the intention from want of good cause.

By striking out the defendant's plea or pleas, and thus excluding his testimony, the case often comes very naked before the Jury. And yet, the defendant may have had entire confidence in the defences which he set up.

Counsel depict in fervid terms the mischiefs which they imagine will follow, if parties are allowed to shield themselves from damages under the advice of unprincipled or unskilful Attorneys.

This will rarely, if ever, occur. The Legislature have cast a foul stigma upon the profession by disqualifying them as witnesses. Let us not further degrade ourselves. No opinion can be sustained, based upon the hypothesis of Counsel, namely: the want of skill or integrity at the bar.

[2.] It is further argued, that the evidence of Thomas H. Dawson was inadmissible, there being no plea to authorize it.

[3.] But the objection was, to what Counsel supposed to be a fatal defect in the process. It need not be pleaded. If good, it might be taken at any time. It was sufficient, not only to arrest the judgment, but to set it aside afterwards.