ORME *vs.* KING *et al.*

60   523
111  807

[This case was argued at the last term and decision reserved.]

1. An affidavit under section 4072 of the Code, to eject intruders, should be sufficiently certain in the description of the land to enable the sheriff to identify the premises. The want of such certainty is cause for setting aside the judgment, after trial on counter-affidavit, and after verdict and judgment in favor of the plaintiff.

2. Judgment was properly set aside on motion, where the only description was : "the following tract or parcel of land, to-wit, fifty acres of what is known as Elliott's Bluff, a survey of land situate on the south side of Crooked river, in Camden county, Georgia."

Landlord and tenant. Intruders. Judgment. Pleadings. Before Judge HARRIS. Camden Superior Court. April Term, 1877.

Reported in the opinion.

JOHN C. NICHOLS ; S. W. HITCH, by Z. D. HARRISON, for plaintiff in error.

GOODYEAR & Harris, for defendant.

BLECKLEY, Judge.

1. An affidavit to eject an intruder is the foundation of a legal proceeding, and, for that reason, cannot be amended, its amendment not being expressly provided for by law. Code, §3504.   When the pleadings are so defective that no legal judgment can be rendered, the judgment will be arrested or set aside.   *Ib.,* §3589.   One of the chief requisites in pleading, where specific property is to be directly acted upon by the judgment, is certainty of description—such certainty as will render it possible for the officer whose duty it may be to enforce the judgment, to distinguish the property to which the judgment applies from property to which it does not apply.   Otherwise, how can he know when he is acting within his authority, and when he is exceeding it ? We do not mean that identification must be practicable from merely reading the papers and looking at the property, but that some descriptive fact or facts must be specified, which will guide the officer in making inquiry, and serve as a mark of connection between the process and the property.   Thus, a lot in the county of Quitman, and village of Georgetown, known as the Oatis place, would be sufficient (59 *Ga.,* 711), for though the sheriff might not know the Oatis place, it is probable that one or more other persons would, and thus there would be a possibility that the sheriff might inform himself.   But were the descriptive terms simply, a lot in the county of Quitman, and village of Georgetown, identification would be utterly impossible, without assuming that the whole village embraced but one lot—an assumption that would be unwarranted.

2. The terms of description in the present case are these :

" The following tract or parcel of land, to-wit : fifty acres of what is known as Elliott's Bluff, a survey of land situate on the south side of Crooked river, in Camden county, Georgia." It is plainly implied that the bluff consists of more than fifty acres, and if it does, what particular fifty acres could the officer fix upon as covered by his process? The survey is on the south side of the river, but what survey? Who made it? When or for whom was it made? There is nothing to identify the survey but the fifty acres, and nothing to identify the fifty acres but the survey. The side of the river cannot be depended upon as a guide for separating these fifty acres from the rest of the bluff, because it may be fairly presumed (the contrary not being stated) that the whole bluff is on the same side of the river. A river may run between two bluffs, but is not likely to divide one bluff into two parts. The description seems to us, as it did to the court below, altogether too vague.

Cited by counsel : Code, §4072 ; Her. on Executions, 293, §192 ; 4 McL., 329 ; 1 Swan, 373 ; 10 Ind., 146 ; 20 *Ga.*, 398 ; 35 *Ib.*, 173.

Judgment affirmed.