## BRYANT *vs.* MERCIER.

1. An affidavit for a distress warrant to enforce a landlord's general lien for rent is amendable, under the act of October 5th, 1887.
2. Though the amendment was not made until after the return of the papers to the court of the proper county, yet when made it related back so as to heal defects both of issuing and returning the proceedings. Whether the distress warrant was amendable, or needed amendment, is not decided, the court below not having passed on the question.

March 18, 1889.

Distress warrant. Liens. Amendment. Jurisdic-

tion.   Practice.   Before Judge JOHN T. CLARKE.   Clay superior court.   March term, 1888.

Reported in the decision.

JOHN R. IRWIN and G. G. LARK, for plaintiff in error.

No appearance *contra.*

BLECKLEY, Chief Justice.

A distress warrant for rent was sued out by Mercier against Bryant, in Early county, based upon an affidavit made before the judge of the county court, which officer issued the warrant.   The affidavit alleged that Bryant was of that county.   The sheriff of that county seized Bryant's property, under the warrant, and he made affidavit denying that the sum distrained for was due and owing.   Thereupon the papers were returned to the county court; and at the succeeding term of that court, Bryant appeared and pleaded to the jurisdiction, on the ground that he was not a resident of Early county, but of Clay county.   This plea being found true, the court passed an order transferring the case to the county count of Clay county.   A trial was afterwards had in the latter court, and resulted in a judgment against Bryant, from which he entered an appeal to the superior court of Clay county.   When the appeal came up for trial, he moved to dismiss the case, (1) because the case was not properly brought in this court, no officer authorized by law having returned the papers to the court; (2) because the face of the papers showed want of jurisdiction in Clay superior court, nor did it appear that Early county had jurisdiction to issue the warrant, the defendant being shown to be a non-resident of that county, and there being no allegation that

he had property therein ; (3) because the order direct-
ing the transfer from Early county court to that of
Clay county was null and void, and the papers were
not returned to the latter court by any officer author-
ized by law to execute and return process as the law
directs.   The court granted leave to amend the affidavit
on which the warrant was issued, by alleging therein
that Bryant had property in Early county at the date
of the original affidavit and warrant, and that his resi-
dence was then in Clay county.   This amendment being
made, the court denied the motion to dismiss the case,
and exception was taken (1) to the allowance of the
amendment, and (2) to the denial of the motion to dis-
miss.

1. The affidavit having been made on the 29th of
October, 1887, the act of the 5th of October (acts 1887,
p. 59) was applicable to it.   This we understood to be
conceded by counsel for the plaintiff in error, and for
that reason he forebore to argue this point before us.
The act seems to be decisive against him on the ques-
tion.

2. It is true there was no jurisdiction in Early county
to issue the distress warrant, unless Bryant, the defend-
ant, resided in that county or had property there.   Code,
§4082.   The jurisdictional fact alleged in the original
affidavit was residence, but the actual facts which were
afterwards introduced by amendment were, the posses-
sion. of property in that county, and residence in Clay
county.   The amendment related back to the date of
the process, and cured all defects both of issuing and
returning the proceedings.   The case may be treated,
therefore, as if it had been returned to the county court
of Clay county in the first instance.   According to the
authority of analogous cases, Clay being the county of
the defendant's residence, return should have been made

to the proper court of that county. *Hardeman vs. De Vaughn,* 49 *Ga.* 596 ; *Tharpe vs. Foster,* 52 *Ga.* 79. It is true that in the latter case the execution was set aside because not made returnable to the court of the proper county ; but in that case it never reached the proper court, and besides, as far as appears, no effort was made to amend it. Nor was any motion made to withdraw the papers for transfer to the proper county. A trial was had by consent on an agreed statement of facts. It would seem from the cases of *Steamboat Co. vs. Torrent,* 46 *Ga.* 585 ; and *Cumming vs. Wright,* 72 *Ga.* 767, that such a defect in the warrant would be amendable. See also *Dawson vs. Garland,* 70 *Ga.* 447. We need not, however, concern ourselves with that question now ; for in the present case there was no motion to quash or set aside the distress warrant, but the motion was to dismiss the case. We think it was properly overruled, and we leave the parties to deal with the specific question as to whether the warrant was amendable, or needed amendment, when that question shall be raised in the court below.

Judgment affirmed.