DAWSON v. GARLAND.

Where to a general distress warrant for rent, the tenant files a counter-affidavit with the levying officer, the papers should be returned for trial of the issue to the court having jurisdiction in the county of the tenant's residence; and if the return is made, not to that court but to another, and after judgment of dismissal in the primary court an appeal be taken to the superior court, the discretion of the latter court in allowing the case withdrawn and the papers to be returned to the proper court in the county of the defendant's residence, will not be controlled. Such a disposition of the case is equivalent to dismissing it finally from the court having no jurisdiction, and granting leave to the landlord to return the papers to the court which has jurisdiction.

July 8, 1889.

Distress warrant. Practice. Jurisdiction. Landlord and tenant. Before Judge FORT. Macon superior court. November term, 1889.

Reported in the decision.

JOHN W. HAYGOOD and E. A. HAWKINS, for plaintiff in error.

No appearance *contra.*

BLECKLEY, Chief Justice.

A general distress warrant for rent was issued by the county judge of Macon county in favor of a landlord against his tenant. The affidavit upon which it was based disclosed no jurisdictional fact—neither the residence of the defendant in the county, nor the location there of any of his property. On its face the warrant was made returnable to the county court of Macon county. After levy by the sheriff upon certain personal property, the tenant filed an affidavit denying that the rent claimed was due, or that the relation of landlord and tenant existed at the time of suing out the warrant, and setting up that he was in possession of the premises as a purchaser. The proceedings being returned to the county court, that court, upon motion

of the tenant, ordered that the distress warrant be dismissed for insufficiency of the affidavit and bond, at the same time denying a motion made to amend the affidavit.   The landlord appealed to the superior court; and when the case came up for trial in that court, the tenant moved to dismiss the warrant for want of jurisdiction, demurring orally both to the affidavit and the warrant.   Pending this motion, the landlord moved to transfer the cause to Upson superior court, and submitted proof that the tenant resided, when the proceeding commenced, in Upson county ; which fact was not denied.   Thereupon the court overruled the motion to dismiss, and granted the motion to transfer, the order of transfer reciting that the court passing it had no jurisdiction to try the case on account of the tenant's non-residence.   Both these rulings were excepted to.

Precisely what is meant by dismissing a distress warrant admits of doubt.   Had the motion been to dismiss the levy, or to quash or set aside the distress warrant, the meaning would have been clear enough.  Inasmuch as the case was brought to the superior court by appeal and not by *certiorari*, it is questionable whether the superior court had any legal possession of the matter, the judgment of the county court appealed from involving no question of fact, but questions of law only.   *Small* v. *Sparks*, 69 *Ga.* 745 ; *Rogers* v. *Bennett*, 78 *Ga.* 707.   But this question was not made.  The action of the court was based on the non-residence of the tenant, which fact was proved by testimony on one hand, and not disputed on the other.   The tenant declined to waive the objection to the jurisdiction, and it devolved upon the court to get rid of the case in some way.   The method taken was equivalent to granting permission to the landlord to withdraw the papers for return to the court of his choice in Upson

v 83-20

county. They should have been returned originally to the proper court of that county, and doubtless would have been so returned had the fact of residence appeared in the landlord's affidavit as it should have done. The result of transferring the case will simply be to do now what should have been done at first, and will work no prejudice to the tenant, since all the costs of proceeding in the Macon courts will fall upon the landlord, and any resistance to the legality of the warrant can be made in the court of Upson county which could have been made had the case never been seen or heard of by any other court. In *Tharpe* v. *Foster*, 52 *Ga.* 79, which was the case of a laborer's lien, the court ordered the execution to be set aside for defect of jurisdiction in Bibb county, the defendant residing in Morgan county; but there no motion to withdraw the papers or transfer the case was made. On the contrary, a trial was had by consent of parties on an agreed statement of facts. Moreover, in that case the question of jurisdiction was directly made in the counter-affidavit which brought the controversy into court. In *Bryant* v. *Mercier*, 82 *Ga.* 409, the distress warrant was transferred from the county court of one county to that of another; and the case falling under the act of October 5th, 1887, and the proper amendments being made to the affidavit under that act, with leave of the court having the rightful jurisdiction on appeal, this court held that all defects, both of issuing and returning the proceedings, were healed. The act referred to, being confined in its operation to cases arising after its passage, will not apply to the proceedings now before us, for they were commenced before its passage; and it may be that when the case comes up for hearing in Upson county, the affidavit will prove so defective that the landlord can take nothing under it; but this we leave to be decided by the court having jurisdiction of

the matter.  We think the order granted was equivalent to a final dismissal from the court of Macon county;
with the addition of leave to return the case to the
proper court of Upson county.  If this leave had been
denied, we should not have reversed the judgment.
We think it was discretionary to grant it or not; and
what we rule is, that there was no abuse of discretion,
although the landlord, who ought to have disclosed in ·
his affidavit the residence of the tenant but failed to do
so, had no absolute right to the favor which the court
granted.                              *Judgment affirmed.*