### COHEN & COMPANY *v.* CANDLER.

1. A justice of the peace having issued a distress warrant for rent in the year 1886, and neither the warrant nor the affidavit on which

it was based disclosing that the tenant resided within the county or had property therein, the warrant was void for failure to show any jurisdictional fact on which the power of the justice to issue it depended.  Code, ?4082.

2. A mere description in the affidavit and distress warrant of the rented property will not serve as a substitute for alleging the tenant's residence in the county or the presence of his property therein as a jurisdictional fact.  The description relied upon was in these terms:  "That W. J. Fletcher and Sarah E. Fletcher are indebted to him in the sum of $95.00 for rent of the building on Main street now occupied by said parties and known as 'Fletcher's Saloon,' in the city of Gainesville, Hall county, Ga."

3. Property having been levied upon under the distress warrant and claimed, the levy should have been dismissed on motion of the claimant though the motion was not made until a second trial of the claim case, the defect not being a mere irregularity, but one which rendered the whole proceeding void.   *Judgment reversed.*
December 28, 1891.

Distress warrant.   Jurisdiction.   Claim.   Practice. Before W. I. PIKE, judge *pro hac vice*.   Hall superior court.   July term, 1891.

A distress warrant in favor of Candler against W. J. and Sarah E. Fletcher, returnable to a justice's court, was levied upon certain property which was claimed by Cohen & Company.   The case was taken by appeal to the superior court, and a verdict returned finding the property subject.   Claimants' motion for new trial was overruled, and they excepted.   Among the grounds of the motion were, that the court erred in overruling the motion of claimant, to dismiss the levy of the distress warrant, upon the ground that the affidavit (see head-note 2) upon which it was based failed to disclose any jurisdictional fact that would authorize the issuing of it; and in admitting in evidence the distress warrant, affidavit and levy, over objection that the affidavit failed to show upon its face any jurisdictional fact.

S. C. DUNLAP and G. H. PRIOR, for plaintiffs in error, cited Code, §4082;  83 *Ga.* 270, 304;  78 *Ga.* 512;  69 *Ga.* 755;  82 *Ga.* 409;  62 *Ga.* 286;  60 *Ga.* 628;  20 Johnson (N. Y.), 208;  19 Me. 293.

H. H. DEAN and M. L. SMITH, *contra*, cited Code, §§4377, 4386, 4082, 3461; "Occupier," Rapalje, Webster; 40 *Ga.* 511, 516, 520; 56 *Ga.* 11; 79 *Ga.* 427; 20 *Ga.* 379; 28 *Ga.* 543; 85 *Ga.* 687.