Reese v. Walker.

1. An affidavit for distress warrant is amendable to the same extent and with the same consequences as in case of ordinary declarations, and this right of amendment includes the supplying of vital and necessary averments omitted from the original affidavit. Acts 1887, p. 59; Bryant v. Mercier, 82 Ga. 409.

2. Such amendment after levy will not cause the levy to fall, the main object of the statute in allowing the amendment being to uphold the levy. Therefore, where a claimant of the property levied on went to trial in the justice's court without objecting to the sufficiency of the affidavit, and upon verdict against him appealed to the superior court where the affidavit was amended before trial, a motion to dismiss the levy because of such amendment was properly overruled.          Judgment affirmed.

March 26, 1892. Argued at the last term.

Distress warrant. Amendment. Practice. Before Judge Martin. Harris superior court. April term, 1891.

Distress warrant was issued and levied, and a claim was interposed. On trial in the justice's court the property was found subject, and the claimant appealed to the superior court. There he moved to dismiss the levy because, since levy was made, the affidavit to obtain the distress warrant had been materially amended in this: as originally made the affidavit stated that the rent for which the warrant was sued out was due to the best of deponent's knowledge and belief, and failed to state for what year it was due; whereas the amendment corrected these defects by striking the words "to the best of his knowledge and belief," and alleging that the rent was due at the time of suing out the warrant. The motion to dismiss was overruled, and the claimant excepted. The original affidavit was made on February 13, 1889; the trial in the justice's court was on May 11, 1889; the amendment was made on October 18, 1889, and was allowed by the judge of the superior court at the October term, 1889; the motion to dismiss was made at the trial which took place at the April term, 1891.

H. V. HARGETT and C. J. THORNTON, for plaintiff in error.

No appearance *contra*.

---

PAYNE, executrix, *v.* MILLER.

1. Error in admitting irrelevant evidence over a party's objection will not require the grant of a new trial when substantially the same evidence had already been admitted without objection.
2. Exceptions in a motion for a new trial to certain charges of the court, these charges being simply referred to as being " embodied and set out in the charge of the court and marked in quotations," will not be considered. The charges complained of should be set forth in the motion itself. *Emery* v. *Atlanta Real Estate Exchange*, last term, and cases cited. 88 *Ga.* 321.
3. The plaintiff's agent is a competent witness as to transactions occurring between himself and the surviving member of a defendant partnership. Acts 1889, p. 85.
4. The evidence warranted the verdict, and there was no error in refusing a new trial.                *Judgment affirmed.*
   March 26, 1892. Argued at the last term.

Evidence. Practice. New trial. Witness. Before Judge GUERRY. Randolph superior court. November adjourned term, 1890.

Complaint on an account for a gin, feeder and condenser was brought on October 15, 1887, by O. H. Miller against J. A. & J. B. Payne: The defendants pleaded not indebted, breach of warranty, and recoupment; and they prayed for a rescission of the contract of sale. They alleged that in 1886 they contracted with the plaintiff for an 80 saw gin, feeder and condenser, agreeing to pay the price charged by the plaintiff, with the positive assurance and guaranty on plaintiff's part that the gin was strictly first class and warranted by him to be equal to the Pratt gin which defendants were then using, and to do as good work as any first class gin. Relying on these representations and warranties, defendants received the gin, feeder and condenser and