## HARRELL *v.* LOGUE BROTHERS.

Where a distress warrant, counter-affidavit, and replevy bond are lodged by the levying officer for trial in a court without jurisdiction, it is in the discretion of the court to which the papers have been returned to grant an application to withdraw the papers, that they may be sent to the proper court for trial.

Submitted November 29, 1907.—Decided March 28, 1908.

Distraint. Before Judge Hammond. Richmond superior court. March 30, 1907.

*Isaac S. Peebles Jr.,* for plaintiff in error.

*Pierce Brothers,* contra.

EVANS, P. J. A general distress warrant for rent was issued by a justice of the peace of Richmond county, in favor of a landlord against his tenant. The affidavit on which the warrant was based alleged, that the tenant was a resident of Burke county, and was indebted to the landlord in the sum of $143.75, for rent of a farm located in Burke county, which sum was due, and "that part of the products of said rented premises are in said county of Richmond, said State, in the warehouse of Ramsey & Legwin." The tenant filed with the levying officer an affidavit denying that the sum distrained for was due, and a replevy bond; and the warrant, counter-affidavit, and bond were returned to the superior court of Richmond county. On the call of the case for trial, the tenant moved to quash and set aside the distress warrant, because the affidavit did not allege that he had property in Richmond county, and for this reason a justice of the peace of Richmond county had no authority to issue the process, and because, on the face of the papers, it appeared that he was a resident of Burke county, and that the superior court of Richmond county had no jurisdiction to try the case. The landlord made a counter motion to withdraw the papers, for transmission to the superior court of Burke county, which motion the court granted. Exception is taken to this order.

1. A distress warrant may be issued by any justice of the peace within the county where the tenant may reside or where his property may be found. Civil Code, §4818. The allegation in the affidavit for distress warrant that a portion of the product of the rented premises was in Richmond county, in the warehouse of certain factors, may not be the exact equivalent of an allegation

that the tenant has property in that county; yet when the tenant filed his counter-affidavit and gave a replevy bond (which converted the warrant into mesne process), and made no issue as to the validity of the process or the jurisdiction of the court, it would seem that there was enough to amend by, on motion made in the proper court. The superior court of Richmond county was not the court where such motion should have been made. *Bryant* v. *Mercier*. 82 *Ga.* 409 (9 S. E. 166). The distress warrant was improperly returned for trial to that court; it should have been made returnable to the superior court of Burke county, the county of the defendant's residence. *Tharpe* v. *Foster,* 52 *Ga.* 79; *Hardeman* v. *DeVaughn,* 49 *Ga.* 596. Being without jurisdiction to try the issue raised by the counter-affidavit, the superior court of Richmond county could not entertain the motion to quash the distress warrant. The only action that court could take was either to strike the case from its files or allow the withdrawal of the papers for the purpose of having them transmitted to the proper court for trial. Under the ruling in *Dawson* v. *Garland,* 83 *Ga.* 304 (9 S. E. 838), the court properly allowed the case withdrawn, and the papers returned to the superior court of Burke county for trial. See also *Rhodes* v. *Continental Furniture Co.,* 2 *Ga. App.* 116 (58 S. E. 293); *Cottle* v. *Dodson,* 25 *Ga.* 633.

*Judgment affirmed. All the Justices concur.*