## HUCKABY v. ARCHER.

BECK, J. 1. On the trial of the issue made by a counter-affidavit filed in resistance to a warrant sued out to evict one as a tenant at sufferance, holding over after demand for possession of the property had been made and refused, it is the proper practice for the court, in the course of his charge to the jury relative to the amount of rent, if they should find in favor of the plaintiff, to instruct them that in case any rental

value of the premises has been proved the plaintiff would be entitled to recover double such rental value, and allow the jury to fix and return the amount of the double rent in their verdict. But it is not ground for a new trial for the court, instead of thus instructing the jury, to charge them as follows. "Now if you find for the plaintiff in this case, the form of your verdict will be: 'We, the jury, find for the plaintiff against the defendant the premises in dispute;' and if you find rent, you may find rent if any rental value has been proven, and if you find that the plaintiff is entitled to recover, under the evidence and law given you in charge, you would fix the amount of rent and say: 'And we further find the value of the premises for rent to be so many dollars per month.' This question of double rent is a matter, I think, for the judgment of the court. It is for the jury to find the facts in the case."

2. Except as pointed out above, the portions of the charge complained of in the motion for a new trial were not open to the criticisms made.

3. A ground of a motion for a new trial based upon the admission of certain testimony does not raise any question for decision here, where it fails to show what objection, if any, was urged on the trial at the time such testimony was admitted.

4. The motion for a new trial contained the following ground: "The court erred in admitting the evidence of the witness, W. J. Harper, that the condition of the bond for titles had not been complied with, over the objection of plaintiff's counsel, on the ground that it was introduced for the purpose only to show an adverse claim, and the witness was introduced for the sole purpose of proving the execution of the bond. His evidence could not have illustrated the question of possession as ruled by the court." This ground is so indefinite, confusing, and incomplete as to raise no question for determination. *Lay* v. *N., C. & St. L. Ry. Co.*, 131 *Ga.* 345 (62 S. E. 189); *Sparks Improvement Co.* v. *Jones*, 4 *Ga. App.* 61 (60 S. E. 810).

5. The evidence was sufficient to support the verdict.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*
                    JANUARY 11, 1912.

Eviction. Before Judge Ellis. Fulton superior court. January 10, 1911.

*W. A. James,* for plaintiff in error. *Moore & Pomeroy,* contra.