## 8028. KIMBALL COMPANY v. ROGERS.

1. A distress warrant may be issued by any justice of the peace in the county in which the defendant resides or has property. Unless one or the other jurisdictional fact is set up, originally or by amendment, in the affidavit upon which the warrant is based, the warrant is void.
2. Where an affidavit upon which a distress warrant is issued by a justice of the peace alleges that the defendant resides in the county, and by amendment this allegation is stricken from the affidavit and in lieu thereof the jurisdictional allegation substituted that the defendant owns property in the county, the amendment, in so far as it seeks to add or substitute a distinct jurisdictional allegation for that originally made and upon which the warrant was originally based, should be verified in accordance with the requirements of section 5390 of the Civil Code of 1910, relating to the original affidavit.
3. The only jurisdictional fact alleged in the original affidavit being stricken by amendment, and there being no oath to the amendment which attempted to substitute therefor a distinct and different jurisdictional allegation, the court erred in overruling the demurrer interposed on this ground; and the further proceedings were nugatory.

DECIDED JUNE 27, 1917.

Distress warrant; from city court of Statesboro—Judge Proctor. November 4, 1916.

*Francis B. Hunter, J. J. E. Anderson,* for plaintiff in error.

*Fred T. Lanier,* contra.

WADE, C. J. "Any person who may have rent due may, by himself, his agent, or attorney, make application to any justice of the peace within the county where his debtor may reside, or where his property may be found, and obtain from such justice a distress warrant for the sum claimed to be due, on the oath of the principal, his agent, or attorney, in writing," etc. Civil Code of 1910, § 5390. An allegation either that the debtor resides in the county where the application for a distress warrant is made or that he has property therein is essential to show jurisdiction. "A justice of the peace having issued a distress warrant for rent in the year 1886 [before the enactment of the statute as to the amendment of such affidavits], and neither the warrant nor the affidavit on which it was based disclosing that the tenant resided within the county or had property therein, the warrant was void for failure to show any jurisdictional fact on which the power of the justice to issue it depended. Code [1882], § 4082." (Code of 1895, § 4818; Code of 1910, § 5390.) *Cohen* v. *Candler,* 88 *Ga.* 207 (14 S. E. 193).

Under the act of 1887, appearing in the Civil Code of 1910 as

section 5706, "all affidavits that are the foundation of legal pro-
ceedings" are "amendable to the same extent as ordinary declara-
tions," even to the extent of adding vital and necessary averments.
*Reese* v. *Walker,* 89 *Ga.* 72 (14 S. E. 888). But while an essen-
tial jurisdictional fact may be added by amendment, such an
amendment must be duly verified, to supply a sufficient basis for
the warrant resting thereon. No reason appears why essential al-
legations of fact in the original affidavit may not be stricken there-
from by an unverified amendment by the plaintiff which is al-
lowed by the court; but no essential or jurisdictional fact can be
added to such original affidavit, over the objection of the defend-
ant, except by complying with the requirements fixed by law for
the verification under oath of the averments upon which a dis-
tress warrant is authorized to issue. In the case of *Bryant* v.
*Mercier,* 82 *Ga.* 409 (9 S. E. 166), the affidavit for a dis-
tress warrant to enforce a landlord's general lien was made on
October 29, 1887, after the adoption, on October 5, 1887, of the
act of 1887, supra, and the Supreme Court held that the court
properly granted leave to amend the original affidavit upon which
the warrant was issued, by alleging, as a basis for the warrant,
that on the date of the original affidavit and warrant the defendant
there named had property in the county in which the warrant was
sued out. An inspection of the original record in that case dis-
closes that the amendment referred to in the opinion *was made
under oath.* The original affidavit in the case under consideration
set out that "W. W. Kimball Company, of said county and State
[the affidavit being made in Georgia, Bulloch county], is indebted
to said E. A. Rogers," etc. The amendment allowed by the court
struck out the word "of" after the name "W. W. Kimball Com-
pany" and inserted in lieu of the word "of" the following words:
"who owns property in." The jurisdiction of the justice of the
peace to issue the distress warrant was originally based on the al-
legation in the affidavit as made that the W. W. Kimball Company
was a resident of the county of Bulloch. The amendment strik-
ing the word "of," before the words "said county and State," re-
moved from the affidavit the sole allegation which gave the justice
of the peace jurisdiction to issue the warrant; and when the words,
"who owns property in," were by amendment inserted before "said
county and State," in lieu of the original allegation, and the

ground was thus changed on which the jurisdiction of the officer to issue the warrant depended, the amendment should itself have been verified, at least so far as this allegation was concerned, in accordance with the requirements of section 5390, supra, as to the original affidavit. Without either jurisdictional fact being alleged,—that the defendant resided in the county of Bulloch, or had property therein,—the warrant was absolutely void (*Cohen* v. *Candler,* supra); and where the only fact alleged in the affidavit to give jurisdiction, to wit, the residence of the defendant in the county where the warrant issued, was stricken by amendment on motion for the plaintiff, the entire proceeding was thereby rendered void, in the absence of an amendment under oath asserting such other facts as would themselves show such jurisdiction. The law requires an affidavit as a basis for the enforcement of the harsh remedy furnished by a distress warrant; and every essential averment in the required basis for this summary proceeding must be supported by an oath, whether such essential averment be originally made or added by an amendment.

The bill of exceptions refers to a special demurrer interposed by the defendant company to the "distress warrant, the affidavit upon which it was based, the amendment to said affidavit," etc., and further specifies, as material, various parts of the record "which are hereto referred to and made a part of this bill of exceptions," including "all special demurrers, with all entries thereon, and exceptions pendente lite and certificate of same, all marked exhibit D." "Exhibit D," which is attached to the bill of exceptions, and precedes the judge's certificate thereto (which certificate recites that the bill of exceptions "is true and correct, and specifies and has attached thereto all evidence and parts of the record material to a clear understanding of the errors complained of"), is itself entitled, "Demurrer to distress warrant as amended." This demurrer includes, among other things, an objection to the amendment of the original affidavit (which appears to have been the only amendment offered in the case), because it was not sworn to as required by law. This distinctly brought into question the propriety of allowing this amendment in the absence of any verification thereof. An additional transcript which seeks to contradict in effect the truth of the bill of exceptions, and which was forwarded by the clerk of the trial court to this court separately and

independently, can neither be filed in connection with the record in this case nor be considered in determining the issues presented by the record actually approved by the trial judge.

Since the court erred in allowing the amendment setting up an independent jurisdictional fact, without which (after the allegations as to the residence of the defendant in the county where the warrant issued had been stricken) the proceeding was void, what followed need not be considered, as it was altogether nugatory.

*Judgment reversed. George and Luke, JJ., concur.*