## 9648.  Kimball Company v. Rogers.

Broyles, P. J.  1. A landlord may distrain for rent as soon as it is due, or before it is due if the tenant is seeking to remove his goods from the premises.  Civil Code (1910), § 3700.  Under this code section and the facts of the instant case, the verdict was not contrary to law because it included some rent not due until after the issuance of the distress warrant.

2. Three times has the plaintiff in the lower court obtained a verdict in his favor, and twice has this court granted the defendant a new trial. 17 *Ga. App.* 562 (87 S. E. 848) ; 20 *Ga. App.* 350 (93 S. E. 32).  The defects in the plaintiff's case, pointed out in those decisions, were remedied upon the trial now under review.  No reversible error appears to have been committed on the last trial, and the verdict was supported by the evidence and was approved by the trial judge.

> *Judgment affirmed.  Bloodworth and Harwell, JJ., concur.*
> Decided October 22, 1918.

Distraint; from city court of Statesboro—Judge Proctor.  February 28, 1918.

*F. B. Hunter, J. J. E. Anderson,* for plaintiff in error.

*Fred T. Lanier,* contra.

---

## 9711.  Harwell v. Childs.

Broyles, P. J.  In this case, as stated in the brief of counsel for the plaintiff in error, "no disputed questions of law are involved."  The verdict was authorized by the evidence, and has been approved by the trial judge.

> *Judgment affirmed.  Bloodworth and Harwell, JJ., concur.*
> Decided October 22, 1918.

Complaint; from Newton superior court—Judge Smith.  March 21, 1918.

*Rogers & Knox,* for plaintiff in error.