### 13863.   CARTER *v.* CAVERLY.

Where an affidavit which is the foundation for the issuance of a distress warrant is made by an attorney at law of the landlord and contains an allegation that the rent alleged to be due is due to the " deponent," a replevy bond given by the defendant which is made payable to the landlord instead of to the attorney amounts to a waiver by the defendant of the allegation in the affidavit that the rent is due to the deponent, and the affidavit will therefore be treated as if it had been amended by substituting the name of the landlord for that of the deponent, and the case will be treated as if the landlord and not the deponent is party plaintiff.

Since the replevy by the defendant of the property levied on under a distress warrant converts the proceeding into an ordinary common-law action for rent, it is immaterial that the levy is in a proceeding by the attorney making the affidavit.

DECIDED MARCH 17, 1923.

Complaint; from Polk superior court — Judge Irwin. July 14, 1922.

A. H. Davidson, signing himself as " A. H. Davidson, attorney at law for E. S. Caverly," made an affidavit as the basis for the issuance of a distress warrant against J. F. Carter, and in the affidavit stated that J. F. Carter was indebted to " deponent " in a certain sum for rent. The warrant issued in the name of A. H. Davidson, attorney at law for E. S. Caverly, and was levied upon certain property of J. F. Carter. J. F. Carter filed a counter-affidavit reciting therein that the distress warrant issued in favor of E. S. Caverly and that he, Carter, was not indebted to E. S. Caverly in the sum distrained for or in any other amount, and gave a replevy bond payable to E. S. Caverly. Upon the hearing the defendant for the first time contended that the plaintiff in the suit was A. H. Davidson and not E. S. Caverly, by objecting to the admission in evidence of the rent contract between Caverly as landlord and Carter as tenant, the objection being upon the ground that the contract was irrelevant, as not being a contract between the defendant and the plaintiff Davidson. This objection was overruled and the contract admitted in evidence. There was evidence that the defendant was indebted to E. S. Caverly in a certain sum for the rent distrained for, and the jury found a verdict accordingly in favor of E. S. Caverly. A motion for a new trial was made by the defendant, in which he recited the case as being that of E. S. Caverly vs. J. F. Carter, but in his amendment to the motion for a new trial the case is styled as A. H. Davidson, attorney at law for E. S. Caverly, vs. J. F. Carter. The motion for a new trial was overruled, and in his bill of exceptions Carter names as defendant in error " A. H. Davidson, attorney for E. S. Caverly." The acknowledgment of service on the bill of exceptions is signed: " E. S. Ault, attorney for defendant in error, E. S. Caverly."

*John K. Davis,* for plaintiff in error.

*E. S. Ault,* contra.

STEPHENS, J. (After stating the facts.) An affidavit as the basis of the issuance of a distress warrant may be made by the attorney at law of the landlord. Civil Code (1910), § 5390. Since affidavits that are the foundation of legal proceedings are amendable (Civil Code, § 5706), an affidavit which is the foundation for

the issuance of a distress warrant, made by an attorney at law of the landlord and containing an allegation that the rent alleged to be due is due to the deponent, is amendable by alleging that it is due to the landlord. Such an affidavit being amendable, a replevy bond given by the defendant, payable to the landlord instead of to the attorney, amounts to a waiver by the defendant of the allegation in the affidavit that the rent is due to the deponent, and therefore treats the affidavit as if it had been properly amended so as to allege that the rent was due to the landlord. Also, since the replevy by a defendant of property levied on under a distress warrant converts the proceedings into an ordinary common-law action for rent, it is immaterial that the property levied on is levied on in a proceeding by the attorney making the affidavit. *Stephens* v. *McNaughton*, 8 *Ga. App.* 42 (68 S. E. 459). It is therefore not error, in such a proceeding, to admit in evidence, over the objection of the defendant, the rent contract between the defendant and the landlord named in the affidavit, upon the ground that the contract was irrelevant as being between the defendant and one not the plaintiff in the case.

The evidence authorized the inference that the rent sued for was due and unpaid, and, the jury having found for the plaintiff, the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed.* *Jenkins, P. J., and Bell, J., concur.*