## 17846. JOHNSON v. LOCK, administratrix.

DECIDED APRIL 12, 1927.

Lien foreclosure; from city court of Dublin—Judge Bidgood. October 30, 1926.

*W. A. Dampier,* for plaintiff in error.

*M. H. Blackshear, D. P. Tinley,* contra.

Judgments, 34 C. J. p. 277, n. 85; p. 329, n. 55.

## 17847. JOHNSON v. LOCK, administratrix.

An affidavit for distress warrant based on the ground that the rent "is now due and unpaid by reason of the fact that said tenant [the defendant] has removed part of the crop from the premises" was not void because of failure to allege that the tenant "is removing" or "seeking to remove" his crops from the rented premises. The affidavit was amendable, and the court did not err in overruling the motion to set aside the verdict and judgment for the plaintiff.

DECIDED APRIL 12, 1927.

Distraint; from city court of Dublin—Judge Bidgood. October 30, 1926.

The motion to set aside the verdict and judgment was based on the ground that the affidavit and the distress warrant were void because of the omission stated above.

*W. A. Dampier,* for plaintiff in error, cited Civil Code (1910), §3700; 12 *Ga. App.* 754.

*M. H. Blackshear, D. P. Tinley,* contra, cited 35 *Ga. App.* 587; 128 *Ga.* 789, 790; 30 *Ga. App.* 68; 89 *Ga.* 72; 35 *Ga. App.* 203 (2); 150 *Ga.* 757 (1); Civil Code (1910), §§ 5706, 5960.

LUKE, J. This case arises out of the overruling of a motion to set aside a verdict and judgment procured in a proceeding to distrain for rent, where the only ground alleged in the affidavit on which the distress warrant was based (and stated in the warrant) was that "said rent is now due and unpaid by reason of the fact that said tenant has removed part of the crop from the premises."

The general rules controlling this case are clearly and concisely stated by Justice Atkinson in *McDonald* v. *Kimball Co.,* 144 *Ga.* 105 (2) (86 S. E. 234), as follows: "If the pleadings are so defective that no legal judgment can be rendered, the judgment will be arrested or set aside." Civil Code (1910), § 5959. "A judgment can not be arrested or set aside for any defect in the pleadings or record that is aided by verdict, or amendable as matter of form." Civil Code, § 5960. "All . . affidavits that are the foundation of legal proceedings" are "amendable to the same extent as ordinary declarations, and with only the restrictions, limitations, and consequences now obtaining in the case of ordinary declarations and pleas." Ga. L. 1887, p. 59; Ga. L. 1889, p. 110; Civil Code, § 5706.

Measuring the case at bar by the foregoing rules, the affidavit was amendable, and the court did not err in overruling the motion to set aside the verdict and judgment. *Collins* v. *Taylor,* 128 *Ga.* 789 (58 S. E. 446); *Reese* v. *Walker,* 89 *Ga.* 72 (14 S. E. 888); *Carter* v. *Caverly,* 30 *Ga. App.* 88 (116 S. E. 664).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*