### 31071. AKERS *v.* KINNEY.

MACINTYRE, J. 1. Where the affidavit in the dispossessory warrant, as a ground for issuing the dispossessory warrant, stated that "the said tenant fails to pay rent now due on said house and premises (or that said tenant is holding said house and premises over and beyond the term for which same were rented or leased to him)," and where the defendant moved to dismiss the affidavit "for the reason that it was stated in the disjunctive and there was no cause of action set out," and the plaintiff offered an amendment striking that part of the affidavit in parenthesis and stating therein that he "elects to proceed alone on the single ground, to wit, that the said defendant fails to pay rent now due on the said house and premises"—it was not error to allow such amendment over the objection that the affidavit could not be amended, and the court did not err in so doing. *Pittman* v. *McKeon,* 19 *Ga. App.* 716 (1) (91 S. E. 1065). See, in this connection, *Bryant* v. *Mercier,* 82 *Ga.* 409 (9 S. E. 166); *Freeny* v. *Hall,* 93 *Ga.* 706 (21 S. E. 163); *Reese* v. *Walker,* 89 *Ga.* 72 (14 S. E. 888); *Collins* v. *Taylor,* 128 *Ga.* 789 (58 S. E. 446).

2. The court charged § 61-301 of the Code in its entirety, which states when a proceeding to disposses a tenant may be available under the laws of Georgia. However, in his charge, the judge stated plainly and specifically that the only ground upon which the dispossessory warrant in the instant case is based is that the tenant fails to pay the rent now due on the house and premises in question. When the charge is considered, as a whole, we do not think that the jury could have been misled in any way by the charge as given.

3. Under one phase of the evidence, the jury were authorized to find that the rent reserved or stipulated to be paid on the premises here in question was $10 per month from February 25, 1944, to January 6, 1945.

Under another phase of the evidence, they were authorized to find that for this period of time the premises were worth $10 per month as rental; that no rent had been paid for such time; and that the plaintiff made demand for the possession of the premises on May 1, 1944. The jury in their verdict fixed the amount of rent for this period at $10 per month. *Held*: Measuring the amount of the recovery by either phase of the evidence, the recovery of $10 per month as rent was authorized, and it was not reversible error under the facts appearing for the judge to enter judgment for $10 per month to the date of the demand, to wit, May 1, 1944, and double rent, to wit, $20 per month from May 1, 1944, to January 6, 1945. *Huckaby* v. *Archer*, 137 *Ga.* 375 (73 S. E. 633); *Spell* v. *Ward*, 54 *Ga. App.* 273, 275 (187 S. E. 720); *Beveridge* v. *Simmerville*, 26 *Ga. App.* 373 (106 S. E. 212); *Stanley* v. *Stembridge*, 140 *Ga.* 750 (79 S. E. 842).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

DECIDED FEBRUARY 8, 1946.

*J. L. Smith,* for plaintiff in error.  *Emmett Smith,* contra.