### 31428. WILENSKY v. AGOOS.

BROYLES, C. J. 1. "A warrant to dispossess a tenant failing to pay rent is converted by the tenant's counter-affidavit into mesne process, and the further procedure partakes of the nature of an ordinary suit, in respect to the amendment of the pleadings." *Roberson* v. *Weaver,* 145 *Ga.* 626 (1) (89 S. E. 769); *Mitchell* v. *Masury,* 132 *Ga.* 360 (64 S. E. 275); *Shehane* v. *Eberhart,* 30 *Ga. App.* 265 (1) (117 S. E. 675).

2. "All affidavits for the foreclosure of liens, including mortgages, and all affidavits that are the foundation of legal proceedings and all counter-affidavits shall be amendable to the same extent as ordinary petitions, and with only the restrictions, limitations and consequences obtaining in the case of ordinary petitions and pleas." Code, § 81-1203. And the construction of this Code section should be broad and liberal. *Bainbridge Stock Co.* v. *Krause-McFarlin Co.,* 8 *Ga. App.* 220 (3) (68 S. E. 1013); *Hardy* v. *Luke,* 18 *Ga. App.* 423 (1-a) (89 S. E. 540).

3. Where the affidavit of a landlord in a dispossessory-warrant case alleged that his tenant "fails to pay rent now due on said house and premises (or that said tenant is holding said house and premises over and beyond the term for which same were rented or leased to him)," and where the tenant moved to dismiss the affidavit "for the reason that it was stated in the disjunctive and there was no cause of action set out," and the landlord offered an amendment striking that part of the affidavit in parenthesis and stating therein that he elects to proceed alone on the single ground, to wit, that the said tenant "fails to pay rent now due on the said house and premises"—it was not error to allow such

amendment over the objection that the affidavit could 'not be amended. *Akers* v. *Kinney*, 73 *Ga. App.* 456 (1) (36 S. E. 2d, 844).

4. Applying the above-stated rulings to the facts of the instant case, where the affidavit and warrant are substantially similar to those of the *Akers* case, supra, and where the tenant had filed a counter-affidavit, the court did not err in allowing the landlord's affidavit and the dispossessory warrant to be amended, by striking therefrom all reference to the failure of the tenant to pay the rent, and proceeding alone upon the ground that the tenant was holding the premises over and beyond his term of rental.

5. As amended, the affidavit and warrant were not subject to any ground of the demurrer; and the court did not err in so holding.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*

DECIDED JANUARY 18, 1947.

*Evans & Evans,* for plaintiff in error.
*Stevens & Stevens,* contra.