34586. HUNTER *v.* RANITZ.

DECIDED MAY 13, 1953.

*Edward J. Goodwin,* for plaintiff in error.

*Dennis Pierce,* contra.

SUTTON, C. J.  John F. M. Ranitz, Jr., as agent, instituted this dispossessory-warrant proceeding against Dr. Roy Hunter, to evict him from a certain described house and premises in Savannah, and alleged: "That said tenant fails to pay rent now due on said house and premises, or that the said tenant is holding said house and premises over and beyond the term for which the same was rented to him; that the said owner desires and has demanded possession of said house and premises, and the same has been refused by the said Dr. Roy Hunter."

The defendant filed his counter-affidavit and bond, denying that there was any rent due or that he was holding the described premises over and beyond his term.

The case was tried before the judge of the superior court,

without a jury; and, after the introduction of evidence, the plaintiff offered an amendment to his dispossessory-warrant proceeding, deleting therefrom the words, "That said tenant fails to pay rent now due on said house and premises," and adding thereto the following: "That the reasonable rental value of the premises known as 119 West Jones Street is fifty ($50) dollars per month; that the said Dr. Roy Hunter holds said premises as a tenant at sufferance, and that said premises were demanded of him by plaintiff on July 20, 1951." The defendant demurred generally to the amendment, on the grounds, (1) that it sets up entirely new and distinct matter; (2) that it is an attempt to conform the pleadings to the evidence and adds a new and distinct cause of action; and (3) that the plaintiff's cause of action for failure to pay rent is changed by the amendment to one for a tenancy at sufferance, thereby adding a new and distinct cause of action. The demurrer was overruled, the amendment was allowed, and the defendant excepted pendente lite to this ruling.

The evidence shows that the premises here involved were sold at a judicial sale on July 3, 1951, under an execution against Dr. Roy Hunter, and were purchased by the plaintiff, John F. M. Ranitz, Jr., as agent, and that a deed to the property was made to him by the officer selling it; that the defendant Hunter owned and was in possession of the property at the time of the sale and continued to occupy the same after the sale, although demand for possession thereof was made on him by the plaintiff on July 20, 1951, which demand was refused; and that the fair and reasonable rental value of said property was $50 per month.

The trial judge found in favor of the plaintiff, awarding him the possession of the premises in dispute, and further found that the reasonable rental value of the premises was $25 per month, and that demand for the premises was made on the defendant by the plaintiff on July 20, 1951; and he ordered and adjudged that the plaintiff recover of the defendant $433.33, representing double the reasonable value of said premises from July 20, 1951, the date of the demand, to April 9, 1952, the date of the judgment, with costs.

The defendant's motion for new trial on the general grounds was overruled, and his exception here is to that judgment and

to the judgment overruling his general demurrer to the plaintiff's amendment to the dispossessory warrant, as above stated.

■ "A warrant to dispossess a tenant failing to pay rent is converted by the tenant's counter-affidavit into mesne process, and the further procedure partakes of the nature of an ordinary suit, in respect to the amendment of the pleadings." *Roberson* v. *Weaver,* 145 *Ga.* 626 (1) (89 S. E. 769). The court did not err in overruling the defendant's demurrer to the amendment to the dispossessory warrant, which deleted or struck therefrom the allegation "That said tenant fails to pay rent now due on said house and premises," and which added the allegations that the reasonable rental value of the premises was $50 per month, that the defendant was holding said premises as a tenant at sufferance, and that the said premises were demanded of him by the plaintiff on July 20, 1951. See *Wilensky* v. *Agoos,* 74 *Ga. App.* 688 (41 S. E. 2d 182), which is in point and controlling here on the assignment of error on the overruling of the demurrer to the amendment. Also see Code §§ 81-1203, 81-1301.

■ The plaintiff in error contends that the relation of landlord and tenant did not exist between the parties and that the dispossessory-warrant proceeding could not be maintained; and he further contends that it is the duty of the officer who sells property at a judicial sale to put the purchaser in possession, and that the plaintiff had adopted the wrong method in undertaking to obtain possession of the property in question by suing out a dispossessory warrant. These contentions cannot be sustained under the facts of this case and the law applicable thereto. Of course, it is the general rule that a dispossessory-warrant proceeding cannot be maintained unless the relation of landlord and tenant actually exists between the parties. But, under the facts as disclosed by the record in this case, the defendant was a tenant at sufferance of the plaintiff. *Kimbrough* v. *Kimbrough,* 99 *Ga.* 134 (2) (25 S. E. 176) ; *Atlantic Life Ins. Co.* v. *Ryals,* 48 *Ga. App.* 793 (2) (173 S. E. 875) ; *Crain* v. *Daniel,* 79 *Ga. App.* 647, 653 (54 S. E. 2d 487). In *Hill* v. *Kitchens,* 39 *Ga. App.* 789, 790 (148 S. E. 754), which is especially applicable and controlling in the present case, it was ruled as follows:

"2. A sale regularly made by virtue of judicial process issuing from a court of competent jurisdiction conveys the title as

effectually as if the sale were made by the person against whom the process issues; and the purchaser at such sale is ordinarily entitled to immediate possession, which he may obtain by writ of possession; but this is not his exclusive remedy. Civil Code (1910), §§ 6051, 6073 [Code (1933), §§ 39-1303, 39-1312]; *Suttles* v. *Sewell,* 105 *Ga.* 129 (31 S. E. 41); *Hines* v. *Lavant,* 158 *Ga.* 336 (5) (123 S. E. 611); *Chambers* v. *Collier,* 4 *Ga.* 193 (3), 197.

"3. Such right of possession in the purchaser would imply a correlative duty on the part of the defendant in fi. fa. to vacate the premises promptly on notice of the sale, or in any event on demand by the purchaser.

"4. An estate at sufferance arises where one comes into possession of land by lawful title, but keeps it afterwards without any title at all. *Willis* v. *Harrell,* 118 *Ga.* 906 (3), 908 (45 S. E. 794); *Taylor* v. *West,* 142 *Ga.* 193 (82 S. E. 518). The original entry need not have been under lease or as a tenant of the dispossessing landlord. *Kimbrough* v. *Kimbrough,* 99 *Ga.* 134 (2) (25 S. E. 176); *Godfrey* v. *Walker,* 42 *Ga.* 562 (6).

"5. A tenant at sufferance may be evicted by a dispossessory warrant, where he fails to surrender the premises on demand, and is liable for double the rental value of the premises after such demand. *Stanley* v. *Stembridge,* 140 *Ga.* 750 (5) (79 S. E. 842)."

■ The finding and judgment in favor of the plaintiff was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*