### 35439. Perry v. Smith et al.

Nichols, J. 1. There is no merit in the motion to dismiss the bill of exceptions for failure to perfect service. On the same day that the bill of exceptions was certified, the attorney of record for the defendants in error signed an acknowledgment of service as follows: "Due and legal service of the within bill of exceptions acknowledge copy received, all other and further service and notice waived; the undersigned Ray Merritt, counsel of record for the defendant in error in said case hereby waives, notice of presentation of the bill of exceptions, and the privilege and opportunity to be heard on the question of whether or not the bill of exceptions is correct and complete and hereby approves the foregoing

bill of exceptions as correct and complete as to the facts therein stated." This constituted an express acknowledgment of service of the bill of exceptions as provided by Code §§ 6-911, 6-912. *Carnes* v. *Pittman,* 209 *Ga.* 639 (1) (74 S. E. 2d 852).

2. Upon the trial of the case the defendants made a motion to dismiss on the ground that the plaintiff's affidavit did not describe the property from which the plaintiff sought to evict the defendants so that the executing officer could locate the property. The plaintiff then sought to amend her original affidavit so as to cure this defect. This amendment was disallowed by the trial judge, and the defendants' motion to dismiss the proceeding was sustained. The defendant in error relies upon *Orme* v. *King,* 60 *Ga.* 523, and *North* v. *Tolbert* 80 *Ga. App.* 110 (55 S. E. 2d 661). In the *North* case, while the court quoted from the *Orme* case, to the effect that an affidavit to eject an intruder is not amendable, since not expressly provided by law (as it then existed), the case was actually not decided on that ground. The *Orme* case was decided in 1878 when the Code of 1873 was in effect in Georgia, and § 3504 of that Code read as follows: "An affidavit which is the foundation of a legal proceeding cannot be amended except [as] expressly provided for by law." In the Code of 1895 this section (§ 5122) was changed to read as the present Code § 81-1203 now reads: "All affidavits for the foreclosure of liens, including mortgages, and all affidavits that are the foundation of legal proceedings and all counter-affidavits shall be amendable to the same extent as ordinary petitions, and with only the restrictions, limitations, and consequences obtaining in the case of ordinary petitions and pleas." A dispossessory warrant and affidavit may now be amended by adding to and making more full the description of the property from which it is sought to evict the defendant. Code § 81-1203, supra; *Pitman* v. *McKeon,* 19 *Ga. App.* 716 (1) (91 S. E. 1065); *Akers* v. *Kinney,* 73 *Ga. App.* 456 (36 S. E. 2d 844); *Wilensky* v. *Agoos,* 74 *Ga. App.* 688 (41 S. E. 2d 182). It is thus seen that the law as to amending an affidavit on which a dispossessory warrant is based as stated in the *Orme* and *North* cases, supra, is not now in force, and the cases last cited as to the right to amend must be followed. Accordingly, the trial court erred in disallowing the plaintiff's amendment to her affidavit and in thereafter sustaining the defendants' motion to dismiss.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*

DECIDED MARCH 3, 1955.

*Ed Quillian,* for plaintiff in error.

*J. Ray Merritt,* contra.