## 57497. BANNISTER v. AIRPORT ASSOCIATES.

WEBB, Presiding Judge.

1. The motion to dismiss this appeal from the denial of a motion to set aside a judgment and writ of possession is denied. Ga. L. 1933, p. 290 et seq., cited as authority for the assertion that this court is without jurisdiction because appeal to the appellate division of the state court is prerequisite to appeal to this court, was repealed and completely supplanted by Ga. L. 1975, p. 3761, which provides that appeals from the final order or judgment of the trial judge may be made either to the appellate division of the state court or to the Court of Appeals or the Supreme Court at the election of any party to the case. Arguments that the issue of possession is moot because possession of the premises was voluntarily returned to appellee by appellant is not borne out by the record on appeal. See also *Winton v. General Apartments Co.,* 128 Ga. App. 730 (197 SE2d 743) (1973).

2. Appellant's ingenuous reasoning notwithstanding, the summons stating that the defendant appear personally or by attorney at a hearing set at 8:30 a.m. on the seventh day from the date of service did not deprive him of a full day in which to answer, and all requirements of Code Ann. § 61-302 were satisfied. The copy of the marshal's return of service reciting that

"default may be opened not later than 8/17/78" which was given to appellant was sufficient under Code Ann. § 61-303. All statutory requirements having been complied with, the summons was not defective and all subsequent proceedings in the trial court were valid.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED MARCH 6, 1979 — DECIDED MARCH 16, 1979 — REHEARING DENIED MARCH 28, 1979.

*Tomlinson & Nix, J. Lamar Nix,* for appellant.
*Camp & Haddon, William C. Haddon, T. Jerry Jackson,* for appellee.