## 59821. COLLINS v. ADMINISTRATOR OF VETERANS AFFAIRS.

SMITH, Judge.

Appellee, Administrator of Veterans Affairs, brought an action against appellant for possession of real estate. See Code § 61-301 et seq. Appellant defaulted and failed to "reopen the default as a matter of right by making an answer within seven days after the date of default . . ." Code § 61-303. The trial court issued a writ of possession. Thereafter, appellant filed a motion to vacate and set aside the judgment, but failed to appear at the hearing. The motion was denied. He appeals; we affirm.

1. The Court of Appeals has jurisdiction over this case. *Farwell v. Spielberg,* 232 Ga. 305 (206 SE2d 453) (1974), *Daniel v. Federal Nat. Mtg. Assn.,* 231 Ga. 385 (2) (202 SE2d 388) (1973), and *Courtney v. Ihlanfeldt,* 130 Ga. App. 637 (204 SE2d 312) (1974), have been legislatively overruled. See Ga. L. 1975, p. 3761; *Bannister v. Airport Assoc.,* 149 Ga. App. 501 (254 SE2d 742) (1979).

2. Appellee's petition alleged: "The above named defendant is in possession as tenant at sufferance of a house and premises situated at above address, in said County, the property of said Plaintiff, and: Property Has Been Foreclosed Upon And Defendant Refuses To Vacate Premises. Said Plaintiff desires and has demanded possession of said house and premises and the same has been refused by the said Defendant." Appellant asserts that the grounds alleged in the petition were insufficient to support a default judgment because "[i]n order to evict a person in possession of land under the provisions of Code § 61-301, the relation of landlord and tenant must exist between the parties," (*Harold v. Modern Homes Const. Co.,* 104 Ga. App. 412 (121 SE2d 809) (1961)), and "tenancy is not established by the mere showing of ownership in one person and possession in another" (*Johnson v. Freedman,* 128 Ga. App. 480, 481 (197 SE2d 400) (1973)).

Code § 61-301, by its own terms, is applicable in "all cases where lands or tenements shall be held and occupied by any tenant at will or sufferance." Appellee's petition alleges that appellant is a tenant at

sufferance and states the facts upon which this allegation is based. See *Rinconcito Latino, Inc. v. Eriksson,* 145 Ga. App. 340 (243 SE2d 721) (1978). "Where the grantor, or his privy, in a security deed remains in possession of the premises after lawful foreclosure of the deed, he is a tenant at sufferance and is subject to be summarily dispossessed by the purchaser at the foreclosure sale, or by his privy. *Price v. Bloodworth,* 55 Ga. App. 268 (189 SE 925)." *Lanier v. Dyer,* 112 Ga. App. 558 (145 SE2d 621) (1965); *Hunter v. Ranitz,* 88 Ga. App. 182, 184-185 (76 SE2d 542) (1953). The allegations of the petition, which, by virtue of appellant's default, must be taken as fact, formed an independent basis for the issuance of a writ of possession under Code § 61-301. Contrary to appellant's assertions, appellee was not required to allege that appellant was in "possession of lands or tenements over and beyond the term for which the same were rented or leased to him . . ." or that he failed "to pay the rent when the same [became] due . . ." Even assuming that appellant has standing to challenge the sufficiency of the petition after default, his contentions are meritless.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED MAY 7, 1980 — DECIDED NOVEMBER 10, 1980.

*Leroy Baldwin,* for appellant.
*John W. Maloof,* for appellee.