64376. GATES et al. v. JOHNSTOWN PROPERTIES, INC.

CARLEY, Judge.
Although the issues raised in the instant dispossessory case must be resolved pursuant to former Code Ann. § 61-303, we would call to the attention of the bench and bar the statutory revisions relative to dispossessory proceedings which became effective November 1, 1982 (Ga. L. 1982, p. 1134 et seq.). Alleging that appellant-tenants had failed to pay rent which was due, appellee-landlord instituted dispossessory proceedings pursuant to Code Ann. § 61-301. Appellants were served pursuant to Code Ann. § 61-302. Appellants filed no written or oral answer within seven days of service nor did they move to open the default "as a matter of right by making an answer within seven days

after the date of the default . . ." pursuant to former Code Ann. § 61-303. Accordingly, the trial court did not err in granting appellees a writ of possession. "If the tenant fails to answer or open the default, the court shall issue a writ of possession . . ." former Code Ann. § 61-303. See also *Collins v. Administrator of Veterans Affairs*, 156 Ga. App. 374 (274 SE2d 760) (1980). " '[T]he writ of possession constituted a final judgment.' [Cit.]" *Crymes v. Crymes*, 148 Ga. App. 299 (1) (251 SE2d 155) (1978).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED NOVEMBER 5, 1982.

Colin A. Gates, *pro se*, Daniel L. Schmittou, *pro se*. *Michael J. Cohen, Ira H. Parker,* for appellee.